GEORGE LICKMON, Executor, etc.

v.

NATHAN HARDING.

ACKNOWLEDGMENT OF DEED—*certificate of, must prevail over testimony of grantor.* In the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of a deed, the officer's certificate of the acknowledgment in proper form must prevail over the unsupported testimony of the party grantor that the same was false and forged.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOHN J. GLENN, for the plaintiff in error.

Messrs. HARDING, McCOY & PRATT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only point in this case is, shall the acknowledgment of the execution of a deed, made and taken before a magistrate in proper form in pursuance of the statute, prevail over the unsupported testimony of the party grantor, he alleging the same to be false and forged?

We have no hesitation in answering the question in the affirmative, as it was answered by the circuit court. Public policy requires such an act should prevail over the unsupported testimony of an interested party, otherwise, there would be but slight security in titles to land.

No fraud or combination between any party and the officer taking the acknowledgment is shown. The magistrate, in taking the acknowledgment, acts judicially. The duty is imposed upon him by the law, of ascertaining the truth of the matters about which he is to certify. Parties act on the faith

of his certificate, and, in the absence of fraud and collusion, it must be entitled to full credit. There is an entire absence of any fraud and collusion in this case, which can vitiate the deed. *Graham* v. *Anderson et al.* 42 Ill. 514.

The decree must be affirmed.

*Decree affirmed.*