ARTEMAS D. WATSON *et al.*

*v.*

EDA WATSON.

*Filed at Ottawa May 15, 1886.*

1. SETTING ASIDE A DEED—*as having been procured by fraud—impeaching certificate of acknowledgment.* As between the immediate parties to a deed, the certificate of the acknowledgment of the officer may be impeached for fraud, collusion or imposition, but the evidence to produce that result must fully and clearly satisfy the court that the certificate of the officer is false and fraudulent.

2. Where there is nothing to impeach the certificate of the officer before whom a deed is acknowledged, except the unsupported testimony of one of two grantors, which is contradicted by the other grantor, the deed will not be set aside as having been executed and acknowledged in ignorance of what the instrument was.

3. In this case, the complainant sought to set aside a deed, executed by her and her husband, of his land, to his mother, on the ground of fraud and misrepresentations of her husband, the complainant claiming that she never read the same, and that her husband told her it was only a paper to file in the probate court, to settle up his father's estate. The certificate of acknowledgment was in the form required by law, and the husband testified that his wife was informed and knew what the deed contained when she executed and acknowledged it, and denied her statements imputing fraud to him: *Held,* that the evidence did not justify the decree rendered, setting aside the deed, and it was reversed, and the cause remanded, with direction to dismiss the bill.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. H. C. MILLER, and Mr. GEORGE L. PADDOCK, for the appellants:

The conveyance can not be set aside on the ground it was voluntary and for a nominal consideration, for although voluntary conveyances are or may be void as to certain creditors, they are perfect and effectual as between the parties, and can not be set aside by the grantor if he should become dissatisfied with the transaction.   1 Story's Eq. Jur. sec. 371.

Where the grantee is not a party to the fraud, it must appear that the grantor seeking such relief was not guilty of any negligence, but used reasonable diligence to prevent being imposed on. *Spurgeon* v. *Traub,* 65 Ill. 170.

When one can read he must inform himself of the contents of an instrument before signing it, or suffer the consequences. *Fulford* v. *Block,* 8 Bradw. 284; *Strong* v. *Livingston,* id. 436; *Manufacturing Co.* v. *Long,* id. 463.

A person signing an instrument must exercise ordinary diligence, or else he can not impeach the instrument on the ground of fraud and circumvention. *Holmes* v. *Hale,* 71 Ill. 552; *Swanell* v. *Watson,* id. 456; *Leach* v. *Nichol,* 55 id. 273; *Tuck* v. *Downing,* 76 id. 71.

To impeach the certificate of the notary that appellee "signed, sealed and delivered said deed as her free and voluntary act, for the uses and purposes therein set forth," the testimony should be very complete and reliable. The evidence should do more than produce a mere preponderance against its integrity in the balancing of probabilities. *McPherson* v. *Sanburn,* 88 Ill. 150; *Crane* v. *Crane,* 81 id. 165; *Fitzgerald* v. *Fitzgerald,* 100 id. 385.

Whilst the making of a false certificate is a fraud upon the party against whom it is perpetrated, yet the mere evidence of the party purporting to have made the acknowledgment can not overcome the officer's certificate, nor will evidence slightly corroborated overcome it. *Russell* v. *Theological Union,* 73 Ill. 337; *Blackman* v. *Hawks,* 89 id. 513; *Marsten* v. *Brittenham,* 75 id. 611; *Lickmon* v. *Harding,* 65 id. 505.

The certificate of the acknowledgment of a deed imports verity, and can not be overcome except by clear and satisfactory evidence. The evidence of the grantor, and the opinions of experts that the signature thereto is not that of the grantor, are not sufficient. *Tunison* v. *Chamblin,* 88 Ill. 378; *Heacock* v. *Lubuke,* 107 id. 402; *Canal and Dock Co.* v. *Russell,* 68 id. 430; *Kerr* v. *Russell,* 69 id. 666.

58 WATSON *et al. v.* WATSON.

Brief for the Appellee.    Opinion of the Court.

Mr. A. VAN BUREN, and Mr. JOHN OLNEY, for the appellee:

The appeal should be dismissed for want of jurisdiction, a freehold not being involved. *Railroad Co.* v. *Watson,* 105 Ill. 22; *Sawyer* v. *Moyer,* 105 id. 192; 104 id. 337; *Pinneo* v. *Knox,* 100 id. 471; *Clement* v. *Keitz,* 103 id. 315.

As to appellants' first point, we do not ask to set the deed aside, because it was voluntary.

We do not take issue as to the authorities referred to in support of the second point. They are not applicable.

In the cases referred to under the third point, the acknowledgment was denied, and have no application.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Eda Watson, to set aside a deed executed by her, and her husband, Artemus D. Watson, on the 9th day of May, 1884, in which they conveyed certain property in Chicago, to Catharine Watson, on the ground that the complainant was induced to execute the instrument by the misrepresentations of her husband. It is also alleged in the bill, that complainant had an estate of homestead in the property. The cause was heard upon bill, answer, replication and proofs, and a decree rendered in favor of complainant, to reverse which the defendants appealed.

The property involved was inherited by Artemus D. Watson from his father, it being the homestead of the latter, and was conveyed to the widow of the deceased husband. Artemus D. Watson, as appears from the evidence, was married to complainant on the 14th day of February, 1884, and soon after the marriage they took up their residence on the property with the mother. About one month after the marriage the wife became *enciente,* and some evidence was introduced by complainant tending to prove that the husband and mother-in-law procured medicine for the wife, for the purpose of producing an abortion. This, however, is denied by the de-

fendants; but whatever may be the fact in regard to this matter, such evidence has no bearing on the question involved. There was also evidence that the complainant and her mother-in-law did not get along altogether harmoniously, and that this led to a "spat," as they term it, occasionally, between the complainant and her husband; but this character of evidence has but little to do with the validity or invalidity of the deed. The deed was in the usual form, and was executed by the complainant, and acknowledged before a notary public in Cook county. The certificate of the officer attached to the deed is in form required by the statute. In it he certifies, under his official seal, that the complainant appeared before him and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary act, for the uses and purposes therein set forth. The only direct evidence offered, on the hearing, to impeach the certificate of the officer before whom the deed was acknowledged, was that of the complainant herself, who, in substance, testified, that she did not read the deed, nor was it read to her; that her husband informed her that it was a paper to be filed in the probate court to settle up his father's estate; that she did not know what the paper was when she executed it; that she relied upon the statement of her husband. This version of the transaction is contradicted by the husband, who, in substance, testified that he wrote the deed, at his home, on the 8th day of May, and asked complainant if she would go down town in the morning to sign a deed conveying the Polk street property to his mother. She replied that she would let him know in the morning. The next morning the request was renewed, and the two went down to the office of the notary, and the deed was there signed and acknowledged. He also testified that on the road to the notary's office he informed his wife that a few months after his father's death he had made an agreement with his mother to convey the property to her. The witness also denied the statement made by his

wife, that the instrument executed was represented to be a paper to be used in closing up his father's estate. The evidence of the husband is a direct contradiction of that of the complainant as to the execution of the deed.

The record before us presents the question whether a deed can be impeached upon the testimony, alone, of one of the grantors, the certificate of the officer and the testimony of the other grantor showing that the deed was executed and acknowledged in due form. As between the immediate parties to a deed, the certificate of acknowledgment of the officer may be impeached for fraud, collusion or imposition, but the evidence to produce that result, as has often been held by this court, must fully and clearly satisfy the court that the certificate of the officer is false and fraudulent. In *Lickmon* v. *Harding*, 65 Ill. 505, we held, that in the absence of proof of fraud and collusion on the part of the officer who took the acknowledgment, the officer's certificate, in proper form, must prevail over the unsupported testimony of the party grantor that the same was false and forged. See, also, *Fitzgerald* v. *Fitzgerald*, 100 Ill. 386, where the same doctrine is announced.

Under the rule announced, it is plain that the decree can not be sustained. There is nothing in the record to impeach the certificate of the officer before whom the deed was acknowledged, except the unsupported testimony of one of the grantors, and that is contradicted by the evidence of the other grantor. We are aware of no well considered case holding that a deed may be impeached and set aside on such evidence, and we think it would be establishing a dangerous precedent for any court to lay down a rule of that character. As was said in the case first cited, public policy requires such an act should prevail over the unsupported testimony of an interested party, otherwise there would be but slight security in titles to land. Here, the complainant was nineteen years old, a person of intelligence and culture, and had she used even slight precaution, and read the deed, which it was her duty to have

done, she never could have been imposed upon or deceived in the execution of the deed, and if she was imposed upon, it was her own fault, and she must bear the loss arising, as it does, from her own negligence.

The decree will be reversed, and the cause remanded, with directions to the court below to dismiss the bill.

*Decree reversed.*