(May 12, 1899.)

GRAY v. LAW, ADMINISTRATOR.

[57 Pac. 435.]

MORTGAGE—MARRIED WOMAN—ACKNOWLEDGMENT.—Where a certificate
of acknowledgment of a married woman is valid on its face, and
is attacked on the ground that it is false, the validity of the cer-
tificate will be sustained, unless the proof of the falsity is clear
and convincing, and establishes the fact beyond a reasonable doubt.

SAME—CERTIFICATE OF PROOF.—Public policy requires a certificate of acknowledgment, if in proper form, to prevail over the unsupported evidence of the grantor, and especially is that true where the grantor admits that she signed the instrument to which such certificate belongs.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

John A. Bagley and W. E. Borah, for Appellants.

The evidence of Mrs. Eliza Spence was incompetent and inadmissible to impeach the certificate of acknowledgment. The certificate of acknowledgment was in due and regular form. (*Northwestern etc. Bank v. Rauch,* 5 Idaho, 752, 51 Pac. 764; *Bunnell & Eno Inv. Co. v. Curtis,* 5 Idaho, 652, 51 Pac. 767; *Co-operative Savings etc. Assn. v. Green,* 5 Idaho, 660, 51 Pac. 770; *Christensen v. Holingsworth,* ante, pp. 87, 94, 53 Pac. 211, 271; *Curtis v. Bunnell etc. Co.,* ante, p. 298, 55 Pac. 659.) A certificate of acknowledgment regular in form can only be impeached upon the ground of fraud, and before parol testimony is admissible for this purpose there must be both an allegation of fraud and clear proof of fraud practiced upon the married woman in which the mortgagee took part or had notice of. (Jones on Mortgages, 500; Devlin on Deeds, 529, 535; Browne on Parol Evidence, 303, 304; *Kerr v. Russell,* 69 Ill. 666, 18 Am. Rep. 634; 2 Wharton on Evidence, 1052; *Johnston v. Wallace,* 53 Miss. 331, 24 Am. Rep. 699; *Freiberg v. De Lamar,* 7 Tex. Civ. App. 263, 27 S. W. 151; *Mather v. Jarel,* 33 Fed. 366; *Pierre v. Feagons,* 39 Fed. 587; *Young v. Duvall,* 109 U. S. 573, 3 Sup. Ct. Rep. 414; *Hitz v. Jenks,* 123 U. S. 297, 8 Sup. Ct. Rep. 143, 57 Cal. 141; *De Arnaz v. Escondon,* 59 Cal. 486; *Banning v. Banning,* 80 Cal. 271, 13 Am. St. Rep. 156, 22 Pac. 210; *Wedel v. Herman,* 59 Cal. 514.) A regard to the policy of the law for the security of titles and the protection of the rights of property which are passed by conveyances, of which the acknowledgments and certificates are a common part, will restrain this court, from allowing such acknowledgments to be impeached by parol evidence, contradicting the facts certified in the fraud and imposition; and where there are fraud and imposition alleged, the

knowledge of it ought to be brought home to the grantee, or such circumstances within his knowledge of the want of free will and consent on the part of the wife as should lead him to inform himself of the reality of a free execution and acknowledgment by the wife whose property was to, be devested. (Devlin on Deeds, 530; *De Arnaz v. Escandon,* 59 Cal. 486; *Cover v. Manaway,* 115 Pa. St. 338, 2 Am. St. Rep. 552, 8 Atl. 393.) The officer's certificate of acknowledgment, if made in proper form, will prevail over the unsupported testimony of the grantor. (Devlin on Deeds, 529; *Mutual Ins. Co. v. Corey,* 135 N. Y. 326, 31 N. E. 1095; *Lickmon v. Harding,* 65 Ill. 505.)

Allen Miller, T. L. Glenn and E. E. Chalmers, for Respondents.

A married woman's signature to a deed amounts to nothing in anyone's hands as to her until she has acknowledged the deed before a proper officer after privy examination, and he has certified that all the requirements of the statute have been complied with and the deed has been recorded. She ought to have the same right to impeach the certificate of her appearance before the officer making it, when in fact she did not appear before him, that a man has to prove a deed professing to be signed by him to be a forgery. To the same effect are the following cases: *Shelton v. Aultman & Taylor Co.,* 82 Ala. 315, 8 South. 232; *Carr v. Hanley,* 22 Fla. 317; *Lendly v. Smith,* 58 Ill. 250; *Fisher v. Mecater,* 24 Mich 447; *Smith v. Ward,* 2 Root. (Conn.) 378; *Chamberlain v. Spangler,* 86 N. Y. 603; *Dolph v. Barney,* 5 Or. 205; *Dareis v. Hamblen,* 51 Md. 525; *Borland v. Valcerath,* 33 Iowa, 130; *Bailey v. Landingham,* 53 Iowa, 722, 6 N. W. 76; *Lenoir v. Allen,* 53 Miss. 321; *Donahue v. Mills,* 41 Ark. 421; *Myers v. Gasset,* 38 Ark. 377; *Williamson v. Clarksden,* 36 Ohio St. 664.

SULLIVAN, J.—This suit was brought to foreclose two mortgages, one on real estate and one on personal property, and for the cancellation of a decree of foreclosure and certificate of sheriff's sale thereunder in a suit entitled "Fred. W. Law, as Administrator of the Estate of Hannah B. Humphreys, De-

ceased, against R. S. Spence and Eliza Spence, Husband and Wife." The complaint contains allegations necessary in a foreclosure action, and attacks said decree of foreclosure and certificate of sale on the grounds that the said defendant Eliza Spence "never appeared before the officer purporting to take her acknowledgment thereto"; "that he never made her acquainted with the contents of said pretended mortgage, separate and apart from, and without the hearing of, her husband," as required by the provisions of section 2956 of the Revised Statutes. The defendants, Spence and wife, filed their disclaimer disclaiming any right, title, or interest in and to the real estate described in the complaint, and default was entered against them. The answer of said administrator put in issue the allegations of the complaint touching the validity of the said Humphreys mortgage. The cause was tried by the court without a jury, and judgment and decree entered in favor of plaintiff, Gray, who is the respondent. This appeal is from the judgment. The main contention is that Mrs. Spence, one of the defendants, who has disclaimed any interest whatever in the real estate described in the complaint, and who failed to answer the complaint further than to file such disclaimer, never appeared before the officer whose signature is attached to said certificate of acknowledgment, and that he did not make her acquainted with the contents of said mortgage, separate and apart from, and without the hearing of, her husband. To establish that issue the plaintiff introduced as witness said R. S. Spence and his wife, Eliza Spence. R. S. Spence testified that he drew up the said Humphreys mortgage; that he was a practicing attorney; that said mortgage was prepared and signed by himself and wife, and the certificate of acknowledgment was made by Mr. Mantonya, the acknowledging officer; that, after the mortgage was signed and acknowledged as appears of record, it was then presented to Mrs. Humphreys. He further testifies that he took the mortgage home to his wife, and that she signed it, and that he then brought it back to Mr. Mantonya; that he acknowledged the execution thereof before said Mantonya, and told him that that was his wife's signature, and he certified to it; that said officer did not go

to witness' house, to see his wife, at that time, and that his wife did not go before the acknowledging officer before the certificate was made. He testified as follows: "I think I saw him attach his certificate. The mortgage was in my possession from the time my wife signed it until the officer attached his certificate. My wife was at home at that time." On cross-examination he testified that: "Mantonya lived about a stone's throw from us. When Mantonya went home, he went down the street by our house. I don't know whether Mr. Mantonya went and informed my wife of the contents of this instrument, and whether she acknowledged to him that she signd it of her own free will or not, and without my hearing. No, sir; I don't know. Question. And when he certified that he made her acquainted with the contents of this instrument without your hearing, and that she executed this instrument of her own free will and choice, you don't mean to say that that is not true? A No, sir. I don't know. The facts are as I stated them, and that was the common practice in that day." He also testified that the respondent took legal advice as to the validity of the Humphreys mortgage at the time he took the mortgage sought to be foreclosed in this suit. Mrs. Eliza Spence testified on behalf of the plaintiff that she did not appear before Mr. Mantonya, and acknowledge to him that she consented to mortgage her home to Mrs. Humphreys. On cross-examination, she testified as follows: "I signed the mortgage down at my home, at my husband's request. I did it voluntarily. My husband did not coerce or compel me to sign it. Was not compelled by any one to sign it," and, "I was willing to sign it, if my husband wanted it done. It was my free and voluntary act." Mrs. Spence's testimony is to the effect that her acknowledgment was not taken as required by law, while the witness Spence attempts to make it appear that the officer did not take his wife's acknowledgment, but finally testified that he did not know whether the officer took the same or not. We find in the record before us the separate answer of the witness R. S. Spence in the suit of Fred. W. Law, as administrator of the estate of Hannah B. Humphreys, deceased, against R. S. Spence and others, which suit was brought to foreclose the mortgage re-

ferred to in the testimony of said Spence, above quoted. Said answer was duly verified by the oath of said witness Spence, in which he admits the due execution and delivery of the mortgage in question by himself and his said wife, Eliza Spence. In his testimony in the case at bar he attempts to set forth what was done by himself and wife and the officer in the signing and acknowledgment of said instrument, but he finally stated that he did not know whether the officer taking the acknowledgment (Mr. Mantonya) went and informed his wife of the contents of said mortgage, and whether she acknowledged it as her voluntary act and deed, or not. The testimony of said witness is contradictory, and most unsatisfactory, while the testimony of his wife would indicate that she did not appear before the officer, "and acknowledge to him that she consented to mortgage her home to Mrs. Humphreys." If courts of justice permit mortgages and deeds of real estate to be held void and set at naught on such contradictory and unsatisfactory evidence, given by parties making them, security and permanency to titles to real estate will be a thing of the past. The evidence to impeach a certificate of acknowledgment must be very clear and convincing beyond a reasonable doubt. (N. W. etc, Bank v. Rauch, 5 Idaho, 750, 51 Pac. 764.) The evidence in the case at bar is not of the high character required by that rule. The certificate of acknowledgment to the mortgage under consideration is in substantial compliance with the provisions of the statutes in regard to acknowledgments of married women. (Rev. Stats. 1887, sec. 2960.) In this case the woman is not contesting the validity of said mortgage, but a subsequent mortgagee with notice. In the case of Northwestern etc. Bank v. Rauch, 5 Idaho, 752, 51 Pac. 764, this court said: "The intent and purpose of the statute are to protect the rights of married women from the dictation or domination of the marital companion. The end sought by the law is not to enable married women, either at the suggestion or dictation of their husbands, to perpetrate a fraud, by seeking to avoid, upon a mere technicality, what was, at the time it was made, a fair and honest transaction, the benefits of which had been received and enjoyed, either directly or indirectly, by the party seeking

to avoid it." While it is true Spence and wife are not attacking said mortgage directly, their mortgagee is doing so. The fairness of the transaction out of which said mortgage arose is fully shown, Spence having received $2,500 therefor. Mrs. Spence testified that she signed said mortgage freely and voluntarily, and without any force or coercion on the part of her husband. Said mortgage was drawn by said Spence, and he attended to the execution of it, and delivered it to Mrs. Humphreys. It was regular on its face, and the certificate of acknowledgment thereto was in due form, and certified by I. L. Mantonya, the auditor and recorder of Bear Lake county. To overcome the certificate of acknowledgment under the facts of this case, the evidence must be clear and convincing. The proof of its falsity must be made beyond a reasonable doubt. (*Maxwell Land-Grant Case,* 121 U. S. 381, 7 Sup. Ct. 1015; 1 Devlin on Deeds, sec. 531.) The certificate of acknowledgment, if in proper form, must prevail over the unsupported testimony of the grantor. (1 Devlin on Deeds, sec. 529; *Insurance Co. v. Carey,* 135 N. Y. 326, 31 N. E. 1095; *Lickman v. Harding,* 65 Ill. 505.) Public policy requires that such certificate should prevail over the unsupported testimony of an interested party, otherwise there would be no permanency, and but slight security, in titles to lands. (*Russell v. Theological Union,* 73 Ill. 337.)

Counsel for respondent contends that a married woman ought to have the same right to impeach the certificate of her appearance before the officer making it, when in fact she did not appear before him, that a man has to prove a deed, professing to be signed by him, to be a forgery; and cites a long list of authorities in support of that proposition. This court does not question the correctness of that proposition. We indorse it; but that rule does not apply to the case at bar. The married woman in this case is not attempting to impeach the mortgage in question. If she were, and established its falsity beyond a reasonable doubt, she would be sustained in her contention. In the case at bar the mortgagee of said married woman is attempting to impeach a certificate of acknowledgment that is valid on its face, and has failed to establish its falsity beyond

a reasonable doubt. Unless this rigid rule be enforced, the officer taking the acknowledgment and certifying to the same would be at the mercy of the unscrupulous grantor, and perhaps liable in damages to any party injured by a certificate held to be false. Counsel for respondent cites *Dye v. Mann,* 10 Mich. 291. In that case the husband executed a mortgage on the homestead, which mortgage the wife did not sign. Thereafter the husband and wife duly executed a mortgage on such homestead, and duly acknowledged the same as required by law. The court held the first-mentioned mortgage void, and the second one valid. In the case of *Fisher v. Meister,* 24 Mich. 447, the court held that a homestead could not be conveyed or mortgaged without the signature of the wife, and that in cases where the wife joins her husband in a conveyance her free separate acknowledgment is necessary. In *Dorsey v. McFarland,* 7 Cal. 342, the husband executed a mortgage on the homestead without his wife joining him. A subsequent mortgage was given, executed by both husband and wife. The former was held void, and the latter valid. The above-cited cases are not in point. In *Le Mesnager v. Hamilton,* 101 Cal. 532, 40 Am. St. Rep. 81, 35 Pac. 1054, suit was brought to foreclose a mortgage alleged to have been executed by defendant Hamilton and wife. The wife answered, denying that she ever appeared before the officer who certified to her acknowledgment. The court held that said certificate was not conclusive, but might be impeached by parol evidence. The decision also holds that the wife need not prove bad faith on the part of the mortgagee, or that he had notice of the falsity of the certificate. In deciding the case at bar it is not necessary for us to decide whether Gray, the respondent, need prove bad faith on the part of Mrs. Humphreys, or that she had notice of the falsity of the certificate of acknowledgment, as the evidence is not sufficient to establish the falsity of said certificate. The Humphreys mortgage and certificate of acknowledgment thereto are valid on their face. The respondent accepted a mortgage from Spence and his wife on the same premises with full knowledge of those facts, and when he brought this suit to foreclose his said mortgage he attacked the validity of said

Humphreys mortgage, and the judgment and decree foreclosing the same, on the ground that the wife of Spence did not appear before the officer taking said acknowledgment, but failed to establish that fact beyond a reasonable doubt. He therefore must fail in his suit against said judgment and decree.

It is alleged in the complaint, and found by the court, that the sheriff's sale under the foreclosure decree of the Humphreys mortgage took place on the fourteenth day of November, 1897, thus showing that the time for redemption therefrom has long since expired, for which reason the respondent is not entitled to a decree foreclosing his mortgage on the real estate sued on herein. The judgment is modified, and the cause remanded, with instructions to dismiss the action as against the appellant Frederick W. Law, as administrator of the estate of Hannah B. Humphreys, deceased, and to strike out of the decree that part which directs the foreclosure of the plaintiff's' real estate mortgage. The judgment appealed from as herein modified is affirmed. Costs of appeal are awarded to appellants.

Huston, C. J., concurs.

Quarles, J., did not sit at the hearing of this case, and took no part in the decision.

ON REHEARING.
(June 10, 1899.)

HUSTON, C. J.—We have examined the petition for a rehearing in this case, and find in it only a reargument of questions which have already been repeatedly decided by this court. Eliminating from the record, as we must do for the reasons set forth in the opinion filed, the testimony of R. S. Spence, the case stands upon the testimony of Mrs. Spence alone, the party whose acknowledgment is sought to be impeached, and the certificate of the acknowledging officer. Under such a condition of the evidence, we find no authority in principle or decisions to warrant us in declaring the acknowledgment void. Rehearing denied.

Sullivan, J., concurs.

Quarles, J., did not sit at the hearing, and took no part in the decision of this case.