[No. 4601.    Decided September 14, 1903.]

WESTERN LOAN AND SAVINGS COMPANY, *Appellant*, v.
MAGGIE WAISMAN, *Respondent*.

ACKNOWLEDGMENTS — IMPEACHMENT OF NOTARY'S CERTIFICATE.

A notary's certificate of acknowledgment to a mortgage cannot
be impeached by the testimony of the mortgagors that the wife
never acknowledged it, where they admit that she signed the
instrument and that they received and used the money, and their
denial of the wife's acknowledgment is uncorroborated by other
positive and credible evidence besides their own, except that of
a witness who testified that the notary had certified acknowledg-
ments in other cases without the parties appearing before him,
but who was without personal knowledge as to the facts in the
case on trial.

Appeal from Superior Court, Ferry County—Hon.
CHARLES H. NEAL, Judge.    Reversed.

*Jesseph & Jesseph*, for appellant.

*W. T. Beck*, for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by the appellant
corporation to recover a personal judgment against the
respondent and her husband, and also to foreclose a mort-
gage alleged to have been given to secure the debt upon
which judgment is sought.    The husband, Henry Wais-
man, made default, but the wife, Maggie Waisman, an-
swered, denying that she executed or acknowledged the
alleged mortgage.    She avers that the real estate described
in the complaint and in the alleged mortgage is the home-
stead property of herself and husband; that she never
appeared before the notary purporting to have taken her
acknowledgment of the mortgage; and that the certificate
of the notary appended to the mortgage is false in so far

as it pertains to her. She asks that the mortgage be declared void, and that it shall be canceled and satisfied of record. The court, after a trial, entered judgment against both respondent and her husband, but denied foreclosure of the mortgage, and declared the same canceled. From that portion of the judgment declaring the cancellation of the mortgage, the plaintiff has appealed.

It is admitted that respondent and her husband and co-defendant both signed the mortgage, and delivered it to the appellant. It is also admitted that they received from appellant the amount of money the payment of which the mortgage purports to secure. Both respondent and her husband testified that she did not acknowledge the mortgage. The certificate of the notary states in regular form that they both appeared before him, and duly acknowledged the execution of the mortgage "freely and voluntarily for the uses and purposes therein mentioned." The certificate also states that both were personally known to the notary. The notary himself was not present at the trial, and did not testify. It appears from the record that his whereabouts may not have been known. The sole question therefore is, was the evidence sufficient to impeach the certificate of the notary, and was it error to refuse a decree of foreclosure? In 1 Cyc., 624, the following rule is stated:

"The testimony of parties to the suit, while carefully scrutinized, is admissible to impeach the certificate and is entitled to the same weight as that of any other interested witness. But the testimony of interested witnesses unsupported by other positive and credible evidence will usually not be allowed to overcome the certificate."

The testimony of the husband and wife in the case at bar is unsupported by any other positive testimony. One other witness was permitted to testify that he knew that

the same notary had certified to other acknowledgments when the parties did not appear before him; but he had no actual personal knowledge as to the fact concerning the acknowledgment in this case.    Both husband and wife were interested witnesses.    The mortgage purported to be a lien upon what they allege is their homestead.    They frankly admit that they received the money as a loan from appellant, and that they both signed and delivered the instrument, which declares upon its face that it was intended as a mortgage upon the land described, for the purpose of securing the said loan.    They admit their personal liability, but their interest in impeaching the certificate of acknowledgment arises from the fact that they seek thereby to avoid a lien upon the premises described in the mortgage; and, since the premises are claimed as a homestead, the land might thus be beyond the reach of execution under the general liability.    The evidence upon the subject of impeachment is, therefore, that of witnesses who have a direct interest in having such impeachment declared.    If the rule above quoted is applied here, the unsupported testimony of respondent and her husband, as directly interested witnesses, is not sufficient to overcome the certificate.

In *Pierce v. Feagans,* 39 Fed. 587, the defendants, who were interested, and another witness, who was disinterested, testified to the falsity of the certificate.    The officer who took the acknowledgment denied that the disinterested witness was present when the acknowledgment was taken.    It was held that the evidence was not sufficient to overcome the certificate.    The court, at page 592, said:

"In a case of this character it is not enough that there is a preponderance of evidence in favor of the defendants if it should be conceded that there is such a preponder-

ance in the present case. In the language of the state courts, which furnishes the rule of decision, the burden is on the defendants, and the proof furnished to overcome the certificate must be 'clear, cogent, and convincing.' It is a record that is assailed,—a record of an official act performed more than six years ago, and made contemporaneously with the acts attested. The record is in due form of law, and it is aided by the presumption that always attends the acts of public officers, that the duty devolved on the officer was properly performed in the manner stated."

That the evidence required to overcome a certificate of acknowledgment must be clear and convincing is generally held, and it may well be said that where fraud or duress is not shown as a circumstance attending an acknowledgment, the unsupported testimony of parties directly interested in the impeachment is not of that clear and convincing character that is necessary to overcome a record and an official act. In Idaho it is held that the evidence necessary to overcome the certificate must be clear and convincing beyond a reasonable doubt. *Gray v. Law,* (Ida.) 57 Pac. 435. In that case the court observed, at pages 436 and 437:

"Unless this rigid rule be enforced, the officer taking the acknowledgment and certifying to the same would be at the mercy of the unscrupulous grantor, and perhaps liable in damages to any party injured by a certificate held to be false."

In Illinois it is held that the certificate must prevail over the unsupported testimony of an interested party, when no fraud or collusion between any party and the officer is shown. *Lickmon v. Harding,* 65 Ill. 505. In that case the court observed:

"Public policy requires such an act should prevail over the unsupported testimony of an interested party, other-

wise, there would be but slight security in titles to land."

The same rule was followed in the later case of *Kerr v. Russell,* 69 Ill. 666 (18 Am. Rep. 634), and the court, by even stronger language, emphasizes the reasons for the rule, saying:

"Public policy, the security of titles, the peace of society, demand such a rule, and a strict adherence to it."

The Illinois cases have been approved and followed in Colorado. *Chivington v. Colorado Springs Co.,* 9 Colo. 597 (14 Pac. 212).

In *Mather v. Jarel,* 33 Fed. 366, a husband and wife and their daughter testified that the officer's certificate was false. They were all directly interested in impeaching the certificate. The court followed the rule of decision in the state of Missouri that, although a certificate of acknowledgment is but *prima facie* evidence of what it contains, and may be overcome without proof of fraud, yet the certificate is proof of a high grade of the facts it asserts, and cannot be overcome without proof that is clear, cogent and convincing. It was held that the certificate was not overcome by the testimony of the interested witnesses. To the same effect is *Insurance Co. v. Nelson,* 103 U. S. 544.

In *Nixon v. Post,* 13 Wash. 181 (43 Pac. 23), this court said, at page 183:

"The deed having been found in the possession of the defendant Mary D. Post, and being in due form, *prima facie* established the facts of its regular execution and delivery. But this *prima facie* case was met by the testimony of the plaintiff to the effect that she never executed the deed, and if this testimony is to be taken as true, it was in our opinion sufficient to overcome the presumption above stated. But public policy will not allow a presumption of this kind to be overcome without clear and con-

vincing proof, and testimony offered for that purpose must be carefully examined in the light of all the surrounding circumstances, and must be of a nature to convince the court of its reliability, before it can be given such force as will overturn a presumption upon which the stability of titles to real estate so largely depends. It was, therefore, the duty of the trial court, before accepting the testimony of the plaintiff as absolutely true, to investigate it in the light of the other circumstances which appeared from the proofs."

Applying the above-stated rule here, what were the attending circumstances that appeared from the evidence? They were that respondent voluntarily signed the instrument, knowing it was intended as a mortgage. She permitted it to pass into the hands of appellant, knowing it was· so intended and so accepted. She admits that the money was paid, and must have known that it was paid on the faith of the regular execution of the mortgage. She did not notify appellant that she had not acknowledged the mortgage, and long afterwards, when this suit was brought, she, for the first time to appellant's knowledge, asserted that she did not acknowledge it. These accompanying circumstances are such as lead us to believe that the evidence of the husband and wife, both directly interested in the impeachment of the certificate, is insufficient to overcome the authenticated statement of a disinterested and duly accredited public officer. In the absence of fraud or duress, public policy and the security of land titles require that as important a thing as a certificate of acknowledgment shall not be impeached without that degree of proof which is so clear and convincing that it has not the appearance of being prompted by interested or selfish motives. The rules applicable to the acknowledgment of a deed are equally forcible when applied to a mortgage. In either case, public morals and public

security are best served by the requirement of that degree of proof which is disinterested and unaffected by any private advantage sought, before a certificate of acknowledgment shall be held to be impeached. The testimony of interested witnesses should at least be corroborated by the higher class of evidence.

That portion of the judgment appealed from is therefore reversed, and the cause remanded, with instructions to the lower court to enter a decree foreclosing the mortgage.

FULLERTON, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.