(May 3, 1924.)

## SUSAN BRUCE, H. F. RAMSEYER and JACK LEMON, Appellants, v. H. S. FRAME, ELMER E'. HAAG and DAVID LITVIN, Intervenor, Respondents.

[225 Pac. 1024.]

FINDINGS — CONFLICT OF EVIDENCE — MORTGAGE — ACKNOWLEDGMENT— AFFIDAVIT—JURAT—PRESUMPTION OF VERITY—MORTGAGE OF PROPERTY EXEMPT IN PART.

1. Findings of fact made by the trial judge based on conflicting evidence will not be disturbed if the evidence in support of such findings, if uncontradicted, is sufficient to sustain them.

2. The uncorroborated testimony of the mortgagor is not sufficient to overcome the certificate of acknowledgment, regular on its face.

3. The presumption of verity arising from the jurat attached to an affidavit, regular on its face, is sufficient to sustain a finding that the affidavit was duly made.

4. The inclusion in a mortgage of property exempt from execution does not invalidate the mortgage as to the other property described therein, although the mortgage was not signed by the wife of the mortgagor.

5. Errors assigned in respect to the apportionment between parties, of the expenses of receivership, will not be reviewed where the record does not contain the receiver's report upon which the apportionment is based.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action by creditors against their judgment debtor and against claimant of property sought to be reached. Judgment for defendant claimant. *Affirmed.*

Turner K. Hackman, for Appellants.

"No personal property of either husband or wife that is exempt by law from execution shall be mortgaged by either husband or wife, without the joint concurrence of both." (C. S., sec. 7374.)

"The law requiring that the wife should join in the execution of a mortgage creating a lien upon exempt property, she must do so, else no lien is created." (*Kindall v. Lincoln Hardware etc. Co.*, 8 Ida. 664, 1 Ann. Cas. 310, 70 Pac. 1056.)

H. C. Hazel, for Respondent Haag.

As to the testimony of the mortgagor Frame, to the effect that he did not acknowledge the mortgage, the instrument itself is presumed to state the facts. (*La Societe Francaise etc. v. Beard*, 54 Cal. 480; *Baldwin v. Bornheimer*, 48 Cal. 433.)

The burden of impeaching a certificate rests upon the parties claiming that it is false, fraudulent or not in accordance with the truth. (*Langenbeck v. Louis*, 140 Cal. 406, 73 Pac. 1086; *People v. Cogswell*, 113 Cal. 129, 45 Pac. 270, 35 L. R. A. 269.)

BRINCK, District Judge.—This is an action in the nature of a creditors' bill brought by appellants against their judgment debtor Frame, and against the respondent Haag, who claims to be the owner as to part and mortgagee as to part of the assets sought to be reached.

In their amended complaint, after setting up their respective judgments, appellants alleged that executions issued thereon were returned unsatisfied after being levied upon 48 bucks and 425 ewes branded "E," owned in fact by Frame, but which Haag, by affidavit filed with the sheriff levying the executions, claimed to own; that the respondent Frame is the owner of 1,400 other ewes upon which Haag claims to hold a mortgage of either twelve or eighteen thousand dollars, which mortgage it is claimed is invalid as to plaintiffs, because, as is alleged, the mortgagor never appeared before a notary public and acknowledged its execution, nor swore to the affidavit of good faith attached thereto, and because of uncertainty in the description of the property; and that therefore the mortgage is a hindrance and delay to the creditors of Frame. It is further alleged

in the complaint that there should be credited upon the notes secured by the mortgage certain sums which have not been credited; also that the notes secured by the mortgage were assigned to the Livestock Exchange National Bank of Chicago, and are now held by said bank and claimed as its property; that Frame has no other property than said sheep.

The complaint prays that the bucks and "E" ewes be decreed to be the property of Frame, subject to plaintiffs' judgments, and that they be sold to satisfy same; that the said mortgage be adjudged invalid as to plaintiffs; and that if the proceeds of the bucks and "E" ewes be insufficient, the ewes covered by the mortgage be sold to satisfy plaintiffs' judgments.

Respondent Haag in his answer denies the validity of plaintiffs' judgments; asserts his own ownership of the bucks and "E" ewes, denies that the notes secured by the mortgage are entitled to more credits than he has allowed, and denies the allegations as to the invalidity of the mortgage. He does not deny the alleged transfer to the Chicago bank of the notes secured by the mortgage.

Defendant Frame had answered the original complaint admitting its allegations, and by cross-complaint alleges that the sheep described in the mortgage are in the possession of the sheriff under foreclosure proceedings by notice and sale, instituted by Haag, alleges the invalidity of the foreclosure proceedings on various grounds, alleges that he never acknowledged the execution of the mortgage or made the affidavit attached thereto, and that the mortgage was altered after signing by including therein certain exempt and other property not described in it when he executed it; also that he is entitled to certain credits on the notes secured by the mortgage, and also that Haag is not the owner of the notes. By agreement at the trial, the allegations of this cross-complaint were deemed denied by Haag.

By stipulation, a portion of the bucks were sold and the proceeds, $525, were deposited with the sheriff, to be held

in the place and stead of the bucks until the final settlement of the suit; this money was later deposited with the clerk.

Upon the issues framed as above, trial was had and the trial court found that the chattel mortgage was in all respects valid and had been properly recorded and that Haag was entitled to foreclose it; that Haag was the owner of the "E" ewes; that the bucks remaining unsold, and the proceeds of the bucks sold were the property of Frame, subject to certain charges; and decree was entered accordingly, from which the plaintiffs appeal, the defendant Frame not appealing.

In the errors assigned, appellants attack the findings that the defendant Frame made, executed and delivered his chattel mortgage on the property secured therein and that it was properly acknowledged, verified and filed with the recorder, and the conclusion that the mortgage is in all respects valid and legal, upon the grounds, as contended, that the evidence shows that the mortgage was altered after it was signed by including additional property, and that Frame did not acknowledge or make affidavit to the mortgage. On these points the evidence is conflicting. That there was no alteration finds support in the testimony of Haag, and the finding in that respect will not be disturbed on the well-established principle that findings having substantial support in the evidence will not be reviewed. (*Morrison v. Morrison*, 38 Ida. 45, 221 Pac. 156.)

As to the acknowledgment and affidavit of good faith, Frame admits that he signed the mortgage and the affidavit, but claims that he did not appear before any notary to acknowledge or swear to them respectively. However, the mortgage bears a regular certificate of acknowledgment duly signed and sealed by a notary and a notary's jurat properly signed and sealed is attached to the affidavit of good faith. The notary himself testified that Frame did appear before him and acknowledged his signature, although he did not remember the exact details of the transaction. The uncorroborated testimony of the grantor is not sufficient to overcome a certificate of acknowledgment, regular on its

face (*Gray v. Law*, 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Western Loan & Savings Co. v. Waisman*, 32 Wash. 644, 73 Pac. 703), especially where the certificate is supported by the testimony of the officer who took the acknowledgment. (1 C. J. 899; and see *Christensen v. Hollingsworth* (on rehearing), 6 Ida. 94, 53 Pac. 271.) The seal of a notary public is judicially noticed (C. S., sec. 7933) and the regularity of an official act is presumed. (1 Jones' Commentaries on Evidence, sec. 41, p. 212; *Dement v. City of Caldwell*, 22 Ida. 62, 125 Pac. 200; *Pardee v. Schanzlin*, 3 Cal. App. 597, 86 Pac. 812.) Where a jurat is regular in form verity will be imputed to the signature. (*State v. Burtenshaw*, 25 Ida. 607, 138 Pac. 1105.) The record is sufficient to sustain the finding of the court as to the affidavit.

Appellants also object to the validity of the mortgage, in that it is contended that the same included exempt property, and that the mortgage was not signed by Frame's wife. This fact if true would merely nullify the mortgage as to such property, but would not affect its validity as to the other property. (*Grandview State Bank v. Torrance et al.* (Ida.), 221 Pac. 145; *Watson v. Mead*, 98 Mich. 330, 57 N. W. 181; *Green v. McCrane*, 55 N. J. Eq. 436, 37 Atl. 318.)

Appellants assign as error the finding and conclusion of law that 425 head of "E" ewes were the property of Haag. Haag testified that he purchased and paid for these ewes, and never sold them to Frame. If he did not sell them, the authorities cited by appellants as to the effect of delivery following the sale have no application. Error is also alleged in the finding that Frame was not entitled to the additional credits upon the notes claimed by him. The evidence is conflicting upon these points, but the findings have support in the testimony of Mr. Haag.

After the filing of the complaint and the initiation of the foreclosure proceedings, a receiver was appointed, *ex parte*, on the application of appellants, the order being based upon their original complaint, Frame's answer thereto and an

affidavit. The findings and decree recite the filing of a receiver's report, and the allowance of his proper charges, disbursements and fees in the sum of $936.44, which is apportioned by the decree, $498.50 being assessed against Haag and $437.94 being assessed against the plaintiffs. The report of the receiver has not been included in the transcript, and we have nothing before us upon which to review this apportionment of the costs of the receivership. That the court has authority under certain facts to make an apportionment of such expense is well established. (High on Receivers, 4th ed., sec. 809a, p. 963; *Cutter v. Pollock,* 7 N. D. 631, 76 N. W. 235.) Having the fund from the sale of the bucks in its hands, the court directed the payment to the receiver of the amount assessed against plaintiffs out of that fund. We can see no impropriety in this. Had the appellants desired this portion of the decree reviewed, they should have furnished to this court the receiver's report upon which it is based.

Appellants also assign as error a finding of the court that Haag had been damaged in a specified sum by the appointment of a receiver. The only portion of the decree based upon this finding is a direction that the sum of $43.20 be paid to Haag out of the proceeds of the bucks, and no error is assigned as to that portion of the decree. This is apparently based on some showing in the receiver's report, and not having that before us we cannot assume that this provision was improperly included in the judgment. The court may properly, under certain facts, make such provision in settling the receiver's report, under the authorities last above cited.

We have examined the alleged errors in the admission and rejection of evidence and find no error.

Appellants complain of findings and conclusions to the effect that at the time of the appointment of the receiver the property was in the possession of the sheriff under foreclosure proceedings, and that Haag was entitled to foreclose, appellants contending that the foreclosure proceedings were invalid and that Haag having transferred the notes

could not foreclose the mortgage. These matters are not in issue between the appellants and Haag, and were raised only by the cross-complaint of Frame, who does not appeal from the adverse findings and conclusions made on this subject. The appellants by their complaint sought only to acquire and enforce an equitable lien against the property covered by the mortgage, on the theory that the mortgage was invalid. Unless it is shown that the sheep are worth more than the amount of the mortgage debt, so that the respondents can claim an interest in them, notwithstanding the validity of the mortgage, we do not see how they can complain either of the fact or the manner of its foreclosure.

Indeed, under the allegations of the complaint which are admitted, that Haag has transferred the notes to a bank in Chicago, we fail to see how appellants could obtain any relief as against this mortgage, they not having brought the bank into the suit.

Finding no errors in the record, the judgment of the trial court is affirmed. Costs are awarded to respondent.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.