[No. 20716.  Department Two.  February 6, 1928.]

MARIE CAMPBELL, *Appellant,* v. EDWARD CAMPBELL *et al.,*
*Respondents.*[1]

[1] ACKNOWLEDGMENT (10-1) — IMPEACHMENT — EVIDENCE — COMPE-
TENCY OF NOTARY.  A notary's act in taking an acknowledgment
of a deed being ministerial rather than judicial, the notary is
a competent witness to impeach the acknowledgment, in an
attack upon the deed as a forgery; especially in view of Rem.
Comp. Stat., §§ 1210-1214, defining the competency of witnesses
and specifically prescribing the relations disqualifying them on
particular subjects; and in view of the wrong that such a rule
would work.

[2] CRIMINAL LAW (137)—FORGERY (7)—EVIDENCE — HEARSAY —
STATEMENTS OF THIRD PERSONS.  Upon an issue as to the
forgery of a deed, it is inadmissible to admit evidence of state-
ments made by the notary taking the acknowledgment, made a
month later, that the deed was executed by another than the
grantor.

[3] ACKNOWLEDGMENT (9, 10) — IMPEACHMENT — EVIDENCE — SUF-
FICIENCY.  While an acknowledgment of a deed imports verity,
it is overcome by clear and convincing evidence, where the
notary and the purported grantor testified that the deed was
a forgery by the grantee.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered February 17, 1927,
upon findings in favor of the defendants, in an action
to quiet title and for partition, tried to the court.  Af-
firmed.

*L. A. Wells, B. A. Green,* and *Fred M. Bond,* for ap-
pellant.

*Malarkey, Seabrook & Dibble, Welsh & Welsh,* and
*E. D. Germain,* for respondents.

FULLERTON, J.—In this action the appellant, Marie
Campbell, claiming to be the owner of a six-tenths

[1]Reported in 263 Pac. 957.

interest in a quarter section of land situated in Pacific county, sought to have her title thereto quieted against the claims of the respondents, and to have the land partitioned. From an adverse judgment, she appeals.

There are certain facts in the record that are not in dispute. The land was patented as a homestead by the government of the United States to James Campbell, the present husband of the appellant and the grantor through whom she claims title, on April 9, 1893. On June 19, 1893, James Campbell, then unmarried, conveyed it to his brothers, Patrick Campbell and Edward Campbell. On March 14, 1895, Patrick Campbell, while in his last sickness, conveyed a one-half interest therein to Edward Campbell, Michael Campbell, Annie Campbell, Mary Campbell and Ellen Campbell, the grantees being his brothers and sisters. Edward Campbell (if the deed of conveyance be genuine) conveyed a six-tenths interest in the land to James Campbell on March 27, 1912. The appellant derives her interests through a deed executed to her by James Campbell, on August 28, 1913. Each of the several deeds was filed for record and recorded within a few days after its execution.

The controversy hinges on the validity of the deed from Edward Campbell to James Campbell. While the appellant asserts that it is genuine, the respondents claim that the deed is a forgery. They contend that James Campbell, without the authority, consent or knowledge of Edward Campbell, went before a notary public, and by representing himself to be Edward Campbell, caused the notary to prepare the deed which he then and there executed and acknowledged in the name of Edward Campbell.

That the deed is genuine, and was executed by Edward, is supported by the testimony of James alone. That it is a forgery is supported by the testimony of

Edward, by that of the notary who prepared and took the acknowledgment of the deed, by that of an attorney whose attention was drawn to the facts by reason of his employment by James in another transaction, and to some extent by the testimony of the brother Michael. We do not think we need set forth the testimony in detail. It convinced the trial judge that the deed was a forgery, and in our opinion the conclusion at which he arrived was justified.

But the appellant contends that certain of the testimony by which the fact of forgery was sought to be established was inadmissible as evidence, and that, with this eliminated, there is not a preponderance of evidence against the genuineness of the deed, or, at least, such a preponderance as will justify a court in adjudging the deed to be void.

[1] The first of the contentions in this behalf is that the notary was not competent as a witness to impeach his certificate to the deed, and hence his testimony, to the effect that it was James and not Edward who appeared before him and acknowledged the execution of the deed, should not have been admitted in evidence by the trial court and cannot be considered by this court, which must try the cause *de novo*.

The question suggested is one upon which the courts have taken discordant views. Without attempting to collate the cases, an examination of them will show that the differences of opinion on the question arise largely from the view taken of the nature of an acknowledgment. In some jurisdictions, the act of an officer in taking and certifying to an acknowledgment is held to be judicial, or quasi judicial, in its nature, and consequently can be attacked only in the manner and for the causes a judgment of a court of record can be attacked. Courts taking this view of an acknowledgment hold that the officer taking it will not be permitted

to stultify it in a collateral proceeding, although some of them hold that he may so testify, where the proceeding is a direct attack upon the instrument, as, for example, in a direct proceeding brought to set aside the instrument for fraud.

The other view is that the act is ministerial rather than judicial, and courts taking this view generally hold that the officer is a competent witness to impeach the certificate. This court, in so far as we are advised, has never had the direct question before it. We have held, however, that the act was ministerial rather than judicial; *Spokane & Idaho Lumber Co. v. Loy*, 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119; *Keene Guaranty Savings Bank v. Lawrence*, 32 Wash. 572, 73 Pac. 680; *Ehlers v. United States Fid. & Guar. Co.*, 87 Wash. 662, 152 Pac. 518; and to this extent have adopted the rule of the cases which hold the evidence of the officer taking the acknowledgment competent to impeach it. In *Thompson v. Schoner*, 58 Wash. 642, 109 Pac. 116, we held that it made no difference in what form of action the question arises; that is, whether in an action brought directly to set aside the instrument or in a collateral proceeding, evidence to impeach an instrument on this ground was admissible. In *Chaffee v. Hawkins*, 89 Wash. 130, 154 Pac. 143, 157 Pac. 35, a case where the question was whether parties who had signed a deed were competent as witnesses to question its authenticity, we used this language:

"Appellant contends that one who has signed a deed will not be heard to question it or to challenge the certificate of the notary who has taken and certified to his acknowledgment. There is abundant authority to sustain this premise, but we think the better doctrine is that a grantor may impeach such certificate for fraud

16—146 WASH.

or other reasons finding sustenance in any of the recognized principles of equity.''

These cases show that, in so far as we have had occasion to notice the question, our leaning has been towards the rule opposed to that for which the appellant contends. But were the question entirely new, we would not be inclined to hold such testimony inadmissible. In the first place, our statute (Rem. Comp. Stat., §§ 1210-1214) [P. C. §§ 7721, 7725], defines the classes of persons who are competent to be witnesses and specifically prescribes the relations which disqualify them on particular subjects, and it is not provided that an officer taking an acknowledgment of a deed or other instrument is not qualified to testify to the facts concerning it. As the legislature has the right to prescribe the qualifications of witnesses and the subjects upon which they may testify, it would seem that the courts cannot add thereto without trenching upon the prerogatives of that body.

In the second place, we do not think the rule is sound in principle. As we indicated in *Ehlers v. United States Fid. & Guar. Co., supra,* the act of the officer in certifying to the acknowledgment may result in taking the property of one person and vesting it in another, and that such an officer, no matter how prudent he is, may be deceived. It would seem necessarily to follow, therefore, that the person wronged by such an act should not be deprived of any testimony which would tend to correct the wrong, and it can be that the testimony of the officer taking the acknowledgment would be the most persuasive testimony that could be produced upon the fact. The weight that is to be given to his testimony will, of course, depend upon the circumstances, but the triers of the fact in such an instance, as in all other instances of controverted fact, must be relied upon to give to the testimony its due

weight. The reason usually given for excluding the testimony of the officer, is that it is contrary to public policy. But to us, this is a mistaken view. If the question rests upon this ground, it must be because the certificate is conclusive, and none of the cases, even those that adhere most tenaciously to the rule of disqualification, goes to this extent.

[2] The court permitted the attorney before mentioned and Edward Campbell and Michael Campbell to testify to declarations made by the notary, possibly a month or so after the purported deed was executed, to the effect that it was not Edward Campbell who appeared before him and executed the instrument. The appellant contends, we think correctly, that this testimony was inadmissible and should not be considered.

[3] But we cannot follow the appellant in her further contention that, with this eliminated, there is not sufficient evidence left in the record to sustain the judgment of the trial court. It is the rule, as her learned counsel contend, that the certificate of the notary imports verity, that it has in its favor a strong presumption as to its truth, and is not to be overcome except by clear and convincing testimony. But, in our opinion, the evidence meets these requirements, after eliminating all that is objectionable.

It follows that the judgment should be affirmed, and it is so ordered.

MACKINTOSH, C. J., HOLCOMB, MAIN, and ASKREN, JJ., concur.