ANTOINE E. CARTIER v. EUGENE E. DOUVILLE.

*Quitclaim deed—Failure of title—Fraud—Right of action.*

1. In the conveyance of title by quitclaim deed, there must be an intentional concealment of facts, or an actual and inten-

tional fraud, on the part of the grantor, to entitle the grantee to recover the purchase price.

2. No recovery can be had upon a declaration which alleges that the defendant assured the plaintiff that he had the title to certain land conveyed by him to the plaintiff by quitclaim deed, and promised to convey to plaintiff a good and sufficient title; that plaintiff relied upon such assurances and promises in making the purchase; that the defendant had no title to the land, and that the money paid therefor, and to recover which the suit is brought, was paid without consideration,— the same not being based upon fraud, but upon a failure of consideration.

Error to Manistee. (Judkins, J.) Argued October 26, 1893. Decided December 4, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Dovel & Smith,* for appellant, contended:

1. We see no reason why the defendant may not be held liable under the contract set forth in the special count, notwithstanding the fact that a quitclaim deed was employed to transfer the property, just as he could if a bill of sale had been given for the timber alone; citing *Barnard v. Colwell,* 39 Mich. 215; *Ripley v. Case,* 78 Id. 126.

*Smurthwaite & Higgins (M. J. Smiley,* of counsel), for defendant.

GRANT, J. This suit was brought to recover $2,500, being the amount paid by plaintiff to defendant as the purchase price of certain pine lands bought of the defendant, and for which he gave, and plaintiff received, a quitclaim deed. The declaration contained the common counts and a special count, in which it was alleged that the defendant assured the plaintiff that he had title to and owned said land, and promised that he would convey to the plaintiff a good and sufficient title thereto. It avers that he relied upon such assurances and promises in making the purchase; that defendant had no title thereto; and that

said money was paid without consideration. Plaintiff testified that defendant assured him that he had a perfect title, and would furnish a warranty deed for $2,500. The contract was not concluded in that conversation. Shortly afterwards plaintiff telephoned defendant to send him the deed through the First National Bank, and he would take it. Defendant sent the deed as directed, together with an abstract of the title. Plaintiff paid the money, accepted the deed without any complaint that it was not a warranty deed, and had it recorded. Defendant testified that he refused to give a warranty deed; told plaintiff that he got only a quitclaim deed when he bought it; that for some reason it had been quitclaimed most of the time during its transfers; and that, if he sold it, he would give only what he received, namely, a quitclaim deed, and that whoever bought it would have to rely upon the record.

1. The court was correct in its instruction that there could be no recovery under the special count. This count was not based upon fraud, but upon the failure of consideration. The grantee in a quitclaim deed, in the absence of fraud, assumes all the risk of the soundness of the title. A quitclaim deed cannot, by a parol agreement, be converted into a warranty deed. *Putnam v. Russell,* 86 Mich. 389.

2. The court instructed the jury that if defendant knew he had no title to convey, and concealed that fact from plaintiff, and if plaintiff had no knowledge of that fact, he was entitled to recover the money; but that, if defendant refused to warrant the title, and refused to make representations in regard to it, or to give assurances of title, but told plaintiff he must rely upon the quitclaim deed, and he accepted it under those circumstances, he could not recover. Under these instructions the jury found there was no fraud, and rendered a verdict for the defendant. These instructions were correct. *Frost v. Atwood,* 73 Mich.

'73; *Hunt v. Middlesworth,* 44 Id. 448; 2 Warv. Vend. 951; 2 Add. Cont. (Morgan's ed.) § 533. This case does not fall within the rule laid down in *Holcomb v. Noble,* 69 Mich. 396, which was brought to recover damages for misrepresentation as to the value and quality of the lands sold, and wherein it was held that it was of no consequence that the representations were made in good faith, because the deceptive influence of the representations was effective, and affected the plaintiff as seriously as though it had proceeded from a vicious motive. In the conveyance of title by quitclaim deed there must be an intentional concealment of facts, or an actual and intentional fraud, on the part of the grantor, to entitle the grantee to recover the purchase price; otherwise the grantee could always recover upon the failure of title, though the grantor refused to give a warranty deed, and bind himself by the covenants therein contained. The grantee may protect himself by insisting upon a warranty deed, but if he chooses to accept a quitclaim he is entitled to no relief either in law or equity.

3. Error is alleged in that the court, in charging the jury, said that the claim of the defendant was sustained to some extent by the testimony of two witnesses, who were present and heard the conversation between plaintiff and defendant, or at least heard parts of it. If it be conceded that this was error, still we do not think that the remark could have prejudiced the jury, under all the circumstances of the case. The testimony of these witnesses was positive as to the conversation to which they testified, and they were not impeached.

Judgment affirmed.

The other Justices concurred.