[No. 1917.  Decided December 5, 1895.]

CORA E. NIXON, *Appellant*, v. MARY D. POST *et al.*,
*Respondents.*

13  181
32  577
32  648

EVIDENCE — PRESUMPTIONS ARISING FROM DEED OF LAND — COMMUNITY
PROPERTY — ACKNOWLEDGMENT BEFORE HUSBAND OF GRANTEE.

The presumption of the regular execution and delivery of a deed
arising from its being found in the possession of the grantee and be-
ing in due form is not overcome by the positive testimony of one of
the grantors that she never executed it, when such presumption is
sustained by numerous other circumstances consistent with it.

Where land is deeded to a wife as her separate property, the ac-
knowledgment of the grantors may be taken before the grantee's
husband, if he is authorized to take acknowledgments.

The action of the husband in consummating a trade for certain
residence property and taking the deed therefor in his wife's name
on the anniversary of their wedding, and in at once delivering the
deed to the wife as a gift, is sufficient, as between grantor and
grantee, to establish his intention to have the wife take the prop-
erty as her separate estate.

Appeal from Superior Court, Pierce County — Hon.
W. H. PRITCHARD, Judge.  Affirmed.

*W. S. Relfe, J. S. Whitehouse,* and *Palmer & Palmer,*
for appellant.

*Campbell & Powell,* and *E. E. Rosling,* for respond-
ents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought by Cora E.
Nixon, in her own right and as administratrix of the
estate of her husband, Thomas L. Nixon, to set aside
and cancel two deeds and to obtain a decree vesting
in her the title to lots 19 and 20 in block 5 of Tacoma,
the property described in said deeds.  One of these
deeds purported to have been made by plaintiff and

her husband to the defendant Mary D. Post, for the consideration of $6,000, and was dated February 8, 1889. The other was made by the defendant Mary D. Post to the defendant Phillip V. Cæsar, as trustee, to secure the payment of certain notes made by said Mary D. Post and her husband. The complaint contains other allegations relied upon to acquire possession of the property and damages for its detention, but this ground of relief received no attention at the hands of the lower court and needs none here.

The deed from Nixon and wife to Mary D. Post was not recorded until March 4, 1890. On April 16, 1891, Thomas L. Nixon, the husband of plaintiff, died and thereafter she was appointed and qualified as administratrix of his estate. This action was commenced December 12, 1892. The deeds with an exception which will be hereafter noticed, were sufficient in form and were duly acknowledged, and when introduced in evidence *prima facie* placed the title in the defendant Mary D. Post, subject to whatever interest was conveyed by the trust deed to Phillip V. Cæsar.

It is not contended that the deed to Phillip V. Cæser was not sufficient for the purposes for which it was made, if by the deed to Mary D. Post from the plaintiff and her husband she acquired title as her separate property. The material inquiry is as to the force and effect of this latter deed. It is attacked by the plaintiff upon three grounds, (1) for the reason that it was never executed and acknowledged by the plaintiff; (2) that there was no consideration therefor, and (3) that if any title passed by said deed it did not so pass to the defendant Mary D. Post as her separate estate, but was in her name for the benefit of the community composed of herself and her husband.

It will be seen from the above statement that the

principal questions to be determined are those of fact, and little or no discussion of legal propositions will be necessary in arriving at a determination. The superior court, after full hearing, found as facts that the deed from the plaintiff and her husband was duly executed and delivered to the defendant Mary D. Post, and vested the title to the property in her as her separate estate. Upon this finding but one conclusion of law could be founded, and that was that the plaintiff was not entitled to any relief. Hence, if this finding is supported by the evidence, the judgment dismissing the action must be affirmed.

The deed having been found in the possession of the defendant Mary D. Post, and being in due form, *prima facie* established the fact of its regular execution and delivery. But this *prima facie* case was met by the testimony of the plaintiff to the effect that she never executed the deed, and if this testimony is to be taken as true, it was in our opinion sufficient to overcome the presumption above stated. But public policy will not allow a presumption of this kind to be overcome without clear and convincing proof, and testimony offered for that purpose must be carefully examined in the light of all the surrounding circumstances, and must be of a nature to convince the court of its reliability, before it can be given such force as will overturn a presumption upon which the stability of titles to real estate so largely depends. It was, therefore, the duty of the trial court, before accepting the testimony of the plaintiff as absolutely true, to investigate it in the light of the other circumstances which appeared from the proofs. From such proofs it appeared that the plaintiff knew of the execution of this deed as early as August, 1890; that her husband knew that it had been placed of record at or before the

same date; that at that time and for months thereafter, the defendant Mary D. Post and her husband resided in the city of Tacoma where the plaintiff and her husband also resided; that nothing was ever said by the plaintiff or her husband to the defendant Mary D. Post as to the deed which was of record not having been properly executed and delivered to her; that no objection was ever made to said defendant and her husband occupying the property without the payment of any rent; that after the death of the plaintiff's husband she made representations to the husband of the defendant, Mary D. Post, as to favors which he had received from her husband, and sought to have him do something by way of aiding her pecuniarily; that while seeking such aid, which she did not claim was due to her execepting as a proper return for favors received, she made no claim tending to show that the title to the lots in question was not properly vested in the defendant Mary D. Post. It further appeared from undisputed testimony, that up to the time of the making of the deed in question, the defendant Linus E. Post was interested in certain property at or near the city of Ellensburg, with the husband of the plaintiff, and there was testimony tending to show that this interest was the consideration paid by said Post for the property in question. It also appeared that the defendant Mary D. Post and her husband continued in possession of this property for a long time, and that substantial changes and improvements were made in the buildings thereon at their expense; that they paid all taxes thereon; and that the plaintiff frequently referred to it as the " home of the Posts." There was also testimony tending to establish numerous other circumstances, which, if true, were inconsistent with the present claim of

the plaintiff as to her never having executed the deed in question. There was some attempt on the part of the plaintiff to explain some of these circumstances, but in our opinion the attempted explanation was not at all satisfactory. It follows that her testimony must be weighed in their light, and, when thus weighed, we are of the opinion that it did not so clearly establish her allegation, to the effect that she had never executed the deed, as to overcome the presumption flowing from its having been found in the possession of the grantee, appearing to have been regularly executed. The finding by the superior court to the effect that the deed had been duly executed and delivered by the plaintiff and her husband, was warranted by the proofs.

Upon the question as to the nature of the title conveyed by such deed must also depend the further question presented by the appellant as to the right of the husband to take an acknowledgment of a deed in which his wife was named as grantee. It is not claimed that he could not properly take such acknowledgment if the property was deeded to the wife under such circumstances that it became her separate estate. Hence the determination of the nature of the title conveyed by the deed will also determine the question as to the regularity of the acknowledgment.

The proofs as to the intention of the husband at the time the deed was delivered, as shown by his acts, were that the trade was by him consummated and the execution of the deed procured on the anniversary of the wedding of himself and wife; that he desired to make her a present of the property for a home; that in pursuance of this desire he had the deed made out in her name and immediately after its execution took it to their home and delivered it to her with the state-

ment that it was an anniversary gift. That this would have been sufficient to have passed the title conveyed by the deed, to the wife as her separate estate, if all had been done in the presence of the grantors and at the time of the execution of the deed, is not denied by the appellant, but she founds her claim that the title conveyed became community property upon the fact that the proofs fail to show that anything was said in reference to the character of the title to be conveyed between the grantors and the husband of the grantee at the time the deed was executed. But in view of the fact that the husband of the plaintiff, the grantor who transacted all of the business, is dead, and of the further fact that the husband of the defendant Mary D. Post has disappeared, such testimony could not be obtained, and the action of the husband in at once delivering the deed to the wife as a gift, taken in connection with the consummation of the trade on the anniversary of their wedding, sufficiently indicated his intention to have the wife take the title as her separate property. Especially is this true when the question is raised as between the grantor and the grantee, and not directly by a creditor who was such at the date of the deed.

The superior court properly found that the deed had been duly executed and delivered by the plaintiff and her husband to the defendant Mary D. Post, and that the circumstances surrounding the making and the delivery were such that the title conveyed vested in her as her separate estate.

The decree must be affirmed.

Scott, Anders, Dunbar and Gordon JJ., concur.