[No. 4684.   Decided September 8, 1903.]

## KEENE GUARANTY SAVINGS BANK, *Respondent,* v. ABRAM E. LAWRENCE, *Appellant.*

MORTGAGE — PRIORITY — ESTOPPEL.

Knowledge by a mortgagee of an action seeking to establish a prior lien over the mortgaged premises in favor of another would not estop the mortgagee from denying the validity of a decree declaring a prior lien, when the mortgagee had not been made a party to the action and served with process.

SAME — ASSIGNEE NOT BOUND BY ASSIGNOR'S KNOWLEDGE OF EQUITIES.

Knowledge on the part of the assignor of a mortgage that a third party had an equitable lien against the premises would not affect the rights of an assignee who took without knowledge, actual or constructive, of the rights of such third party.

NOTARY PUBLIC — MORTGAGE TO CORPORATION — ACKNOWLEDGMENT BEFORE CORPORATE OFFICER.

The fact that a notary public is an officer in a corporation to which a mortgage is executed would not preclude his taking the acknowledgment of the mortgagor, as that is merely a ministerial act.

FOREIGN CORPORATIONS — TRANSACTION OF BUSINESS WITHIN STATE.

The purchase by a foreign corporation of a promissory note or mortgage in this state, with no intention of doing any other act here, is not a transaction of business within the meaning of the statute requiring every such corporation, before transacting business within this state, to record a certified copy of its articles of incorporation and appoint an agent within the state upon whom process can be served.

MECHANICS' LIENS — DATE OF COMMENCEMENT FOR FURNISHING MATERIALS.

The inception of a material man's lien is governed by the date of the actual furnishing of materials and not by the date of the contract therefor.

Appeal from Superior Court, Yakima County.—Hon. FRANK H. RUDKIN, Judge.   Affirmed.

*Whitson & Parker* and *J. H. Snively*, for appellant:

It is undisputed that the acknowledgment of the mortgage made by Cadwell to the Mason Mortgage Loan Company, which the Keene Guaranty Savings Bank seeks to foreclose in this action, was taken before Allen C. Mason, a notary public, who was at the time a stockholder, president and chief executive officer of said company, and who conducted all the negotiations concerning, and who finally closed, the loan with Cadwell. The acknowledgment was void. *Kothe v. Krag-Reynolds Co.*, 50 N. E. 594; *Hedbloom v. Pierson*, 90 N. W. 218; *Horbach v. Tyrrell*, 67 N. W. 485 (37 L. R. A. 434); *Smith v. Clark*, 69 N. W. 1011; *Miles v. Kelly*, 40 S. W. 599; *Workman's Mutual Aid Ass'n v. Monroe*, 53 S. W. 1029; *Bexar Building & Loan Ass'n v. Heady*, 50 S. W. 1079.

*Graves & Englehart* and *D. J. Crowley*, for respondent.

PER CURIAM.—The Keene Guaranty Savings Bank brought an action against Abram E. Lawrence to foreclose a certain mortgage on lots in the city of North Yakima. Prior to the commencement of the foreclosure suit Lawrence had instituted an action to cancel the same mortgage as a cloud upon his title. The two actions were consolidated and tried as one, and from a judgment against Lawrence this appeal is prosecuted.

The premises in controversy were, in the year 1889, the property of James H. Thomas, and on July 13th of that year Thomas and wife executed their bond for a conveyance of the lots to one Cadwell, who assigned the bond to one Lloyd, by whom it was assigned to the First National Bank of North Yakima to secure Lloyd's notes to the bank for $3,000, $4,000 and $4,200, respectively;

Cadwell's notes to Lloyd for like amounts and times of payment being also assigned to the bank as collateral security. Cadwell and Lloyd were partners in the purchase of the lots and the erection of a building thereon. At the time the loan was made Thomas and wife executed a deed to Cadwell for these lots, and the same was placed in escrow with the bank, to be delivered upon payment of the purchase price. The bank retained this deed, contract for conveyance, and the notes, but failed to put the assignment of the bond on record. On October 26, 1889, there was placed of record another deed from Thomas and wife to Cadwell for the same lots, dated back to July 3d of that year, but not acknowledged until September 11th, thus showing the legal title in Cadwell, without anything of record to indicate the bank's equitable lien. On the 16th day of December, 1889, Cadwell made a mortgage to the Mason Mortgage Loan Company for $10,000 upon these lots, the mortgage being acknowledged before Allen C. Mason as a notary public, he at the time being president of the mortgage company. The mortgage was filed for record December 23, 1889. The Mason Mortgage Loan Company, in its regular course of business, on receiving this mortgage, notified the Keene Guaranty Savings Bank at its office in Keene, New Hampshire, that it had the same for sale; that it was a first mortgage and lien on the above-described property, and was a good investment. After some negotiations, the mortgage and notes were sold and assigned to the respondent on the 4th day of February, 1890, upon the payment of their full face value, and this assignment was filed for record in the auditor's office of Yakima county on February 8, 1890. On the 13th day of June, 1890, the First National Bank began an action against Cadwell

and the Mason Mortgage Loan Company to set aside and cancel the mortgage, but did not make the Keene Guaranty Savings Bank a party. A decree was entered adjudging that the lien of the First National Bank, by reason of the bond assigned to it and deed in escrow as aforesaid, was prior to the lien of the mortgage to the extent of $8,037.85 on account of moneys advanced by the loan company after notice of the circumstances under which the bank claimed a lien, and directing a sale of the property to satisfy the bank's claim. Under this decree the lots were sold, and Abram E. Lawrence, the appellant here, became the purchaser, and now holds a sheriff's deed therefor. No decree was entered cancelling the mortgage or in any way barring the rights of the respondent, the Keene Guaranty Savings Bank. The appellant also deraigns title under a mechanic's lien foreclosure. On the 4th day of September, 1889, Cadwell acting for himself and Lloyd, made a contract with the firm of Whittier, Fuller & Co. to supply certain material for the construction of a building on the lots in controversy. On the 11th day of June, 1890, the said firm filed a claim of lien against the property, which was duly recorded in the county auditor's office, and on May 11, 1891, in a suit brought to foreclose said lien, recovered judgment against Cadwell and Lloyd for $2,936.60, and the property was sold thereunder to one Plummer, to whom in due course a sheriff's deed was issued, and the property was thereafter conveyed by him to appellant. The respondent was not made a party defendant in the suit for the enforcement of the mechanic's lien.

It is contended that the court erred in finding that the interest and title of appellant in the premises in controversy is subject and inferior to the mortgage of the re-

spondent, that said mortgage is a first and prior lien, and that respondent is entitled to a decree enforcing and foreclosing said mortgage and ordering a sale of said premises to satisfy same. In support of this contention it is urged that the arrangement whereby the First National Bank advanced money to Cadwell and Lloyd to pay the purchase price of the lots, taking as security the assignment of the bond for a deed and the deposit of the deed itself in escrow, constituted an equitable mortgage, whose lien was afterward enforced by action; that the record of the assignment to respondent of the mortgage held by it was not constructive notice, as there was no law at the time authorizing such record, and hence the respondent was not a necessary party to the action brought to declare the claim of the First National Bank a prior lien over its mortgage; and that respondent is bound by the judgment against the Mason Mortgage Loan Company on the score of being privy to the judgment against its assignor. It is further suggested that respondent had notice of both the actions under which appellant claims to derive title, and is therefore estopped, because it failed to intervene therein for the protection of its rights. It is sufficient answer to the latter suggestion to say that it was not necessary for respondent to appear, where it had not been made a party and served with process, even if it had notice of the pendency of the actions. Conceding that the First National Bank undoubtedly had a lien capable of enforcement, the record discloses that the respondent and its assignor each took the mortgage and paid valid consideration therefor while the record title was clear. The mortgage was certainly valid, and passed into the hands of an innocent purchaser for value. Knowledge, if any, on the part of the mortgagee, prior to the

assignment, that a third party had an equitable lien against the premises, would not affect the rights of respondent, who had no notice, actual or constructive, of the rights of third parties. See *Congregational Church Building Society v. Scandinavian Free Church,* 24 Wash. 433 (64 Pac. 750). We are satisfied that the finding and conclusion of the lower court in favor of the priority of respondent's mortgage are in accordance with law and fact.

The validity of the mortgage to the Mason Mortgage Loan Company is attacked on the ground that the acknowledgment of the mortgagor was taken before a notary public, who was also at the same time the president and chief executive officer of the mortgagee company, and who conducted the negotiations leading up to the loan. The mere fact that the notary in this case was an officer and stockholder in the corporation to whom the mortgage was executed would not preclude his taking the acknowledgment of the mortgagor. The taking of an acknowledgment by a notary public is a ministerial act, and may be performed by any one qualified to act as notary. *Spokane & Idaho Lumber Co. v. Loy,* 21 Wash. 501 (58 Pac. 672); *Nixon v. Post,* 13 Wash. 181 (43 Pac. 23); *People for use of Munson v. Bartels,* 138 Ill. 322 (27 N. E. 1091); *Learned v. Riley,* 14 Allen, 113; *Gibson v. Norway Savings Bank,* 69 Me. 582; *Stevenson v. Brasher,* 90 Ky. 23 (13 S. W. 242); 1 Am. & Eng. Enc. Law (2d ed.), pp. 485-487.

Among the errors assigned is the permitting of the plaintiff to maintain its action without complying with the laws of this state relating to foreign corporations, as found in Bal. Code, § 4289, and Laws 1899, p. 100, licensing corporations, and inflicting a penalty for the

unauthorized transaction of business. The only business appellant did in this state, as shown by the record, was to purchase this mortgage, which was sent to it and sold to it at its banking house in Keene, New Hampshire. The purchase by a foreign corporation of a promissory note or a mortgage in a state, with no purpose of doing any other act there, is not a transaction of business within the meaning of the statute requiring every such corporation, before transacting business in the state, to record a certified copy of its articles of incorporation and appoint an agent within the state upon whom process can be served. *Commercial Bank v. Sherman,* 28 Ore. 573 (43 Pac. 658, 52 Am. St. Rep. 811); *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727 (5 Sup. Ct. 739).

Appellant claims that he acquired a good title to the lots under the foreclosure by Whittier, Fuller & Co. of their mechanic's lien thereon. But the evidence shows that materials were not furnished for use in the building until March 14, 1890, while respondent's mortgage had been of record since December 23, 1889. It is true the contract for furnishing this material was entered into in September, 1889, but the date of the actual furnishing of the material governs the inception of the lien. *Huttig Bros. Mfg. Co. v. Denny Hotel Co.,* 6 Wash. 122 (32 Pac. 1073); *Home Savings & Loan Ass'n v. Burton;* 20 Wash. 688 (56 Pac. 940). Under these decisions the lien of the material man was clearly inferior to that of the mortgage.

We find no error in either the findings or conclusions of the trial court, and the judgment is accordingly affirmed.