[No. 6469.   Decided March 22, 1907.]

# Isaac N. Curtley, *Respondent*, v. Security Savings Society, *Appellant*.[1]

Vendor and Purchaser—Fraud—Representations as to Title. False representations of a vendor as to its title, made with the intent that they be acted on, are as to matters of fact, and may be relied on by the vendee without examination of records showing their falsity.

Same—Damages—Judgment Paid — Evidence — Admissibility — Sufficiency. In an action by a vendee to recover damages for failure of title, including the amount of a judgment recovered against him for breach of his contract to build a house on the property, the judgment and judgment roll are admissible in evidence to prove certain of the issues, although the vendor was not a party or notified to appear and defend; but are not evidence of the grounds on which the recovery was had, or sufficient alone to warrant a recovery for the amount.

Same—Damages. In an action by a vendee to recover damages for failure of title, evidence that he had paid $100 for plans for construction of a house does not warrant a recovery for that amount, in the absence of evidence that the plans are of no value except for the particular purpose for which they were purchased.

Same—False Representations—Knowledge of Falsity. In an action by the vendee in a quitclaim deed for false representations of the vendor as to the title, it is error to instruct that the vendee could rely on the representations and recover his damages regardless of the fraudulent intent of the vendor in making the representations; as the vendor is liable only if the representations are made with actual knowledge of their falsity, or under such circumstances that the law would impute knowledge.

Same—Damages—Attorney's Fees. In an action by a vendee for damages for failure of title, reasonable attorney's fees in defending a suit brought against him are recoverable under circumstances permitting a recovery of the amount of the judgment entered in the action.

Same—Fraud—Damages—Duty to Mitigate—Evidence. In an action by a vendee for damages for failure of title, evidence that the

[1]Reported in 89 Pac. 180.

plaintiff had another lot in the vicinity which he might have used to mitigate damages sustained by reason of entering into a building contract, is inadmissible.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 10, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained by a vendee through false representations in a sale of real estate.    Reversed.

*William E. Richardson* and *P. C. Shine,* for appellant.

*E. O. Connor,* for respondent.

FULLERTON, J.—The appellant is a corporation engaged in the business of buying and selling real estate.   Sometime prior to March 14, 1904, it procured a tax title to the east 45 feet of lot 10, block 1, of City View Addition to the city of Spokane, and on that day conveyed the property by quitclaim deed to one Robert Abernethy.   Thereafter the corporation transcribed its records into new books, and by some oversight, not explained in the record, failed to note the fact that the lot above described had been sold.   On January 10, 1905, and after its records had been so transcribed, it changed managers, electing to that position one George Mudgett, who had not theretofore been connected with the business management of the corporation.   Mudgett, on April 17, 1905, finding that this lot still appeared on the books of the corporation as its property, on the application of the respondent, caused it to be conveyed to him by quitclaim deed for a consideration of $35.   On May 25, 1905, the respondent entered into a contract with the Cooke-Clarke Co., a corporation, for the erection of a dwelling house upon the lot at the contract price of $2,400; paying thereon, at the time of its execution, the sum of $25 and agreeing to pay $500 on or before July 15, 1905, and twenty-five dollars per month thereafter until the whole of the purchase price should be paid.   He also purchased the plans for the house of the same corpora-

tion, agreeing to pay for them the sum of $100. Mudgett discovered the fact that the property had been previously sold to Abernethy, on June 3, 1905, and immediately sought out the respondent and offered to return to him the purchase price of the lot, with interest and the cost of recording the deed, believing then that the same had been recorded; requesting at the same time that the respondent deed the property to the grantee of Abernethy, that there might be no cloud on Abernethy's title. The respondent refused to settle on this basis, and immediately began this action demanding judgment for $2,700 damages, filing his complaint on July 10, 1905. The action was then suffered to rest until November 14, 1905, when an amended complaint was filed.

In this amended complaint the respondent set out the transaction substantially as above narrated, and alleged that at the time he purchased the lot Mudgett, with intent to deceive and defraud him, falsely and fraudulently represented that the appellant had a good title to the property, and that its deed of conveyance would convey a good title to the lot to the respondent, and that he relied upon such representations and for that reason did not have the title to the property examined. He further alleged that Cooke-Clarke Co. brought an action against him for breach of the building contract, and recovered judgment against him for the sum of $447.20, which sum he was compelled to and did pay, together with the sum of $100 to an attorney for defending the action; that these sums together with $100 paid for the plans of the house, $25 paid upon the contract, and $35 for the lot, aggregated $707.20, for which sum judgment was demanded. Issue was taken on the allegations of the amended complaint and a trial had, which resulted in a verdict and judgment for the respondent for the full amount demanded.

The appellant at the trial objected to the introduction of any evidence on the part of the respondent, on the ground that the complaint did not state facts sufficient to constitute a cause of action. In support of this contention, the appel-

lant argues that false representations, to be actionable, must be made under such circumstances as will justify a reasonably prudent person in acting upon them, and since it appeared on the face of the complaint that the representations upon which the respondent relied were made with reference to the title to the property, which was a matter of record accessible to the respondent, he cannot be said to have acted as a reasonably prudent person ought to have acted, since he did not avail himself of the opportunity afforded him to test the truthfulness of the representations, and hence cannot be heard to complain of being defrauded. But the argument is not sound. While this court has, in common with many other courts, held that false representations involving mere matters of opinion, or question of judgment, as much within the knowledge of one party as the other, are not grounds for an action of deceit, it has also held that false representations as to the quantity of land contained in a given description, or false representations as to the boundaries and location of land, or as to its title, if made positively and with the intent that they should be relied upon, were not of that sort, but were actionable if relied upon by the vendee to his injury. *Hanson v. Tompkins*, 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559; *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051. Such, also, is the general rule. 14 Am. & Eng. Ency. Law (2d ed.), pp. 24, 88; 29 Id., 654-657; *David v. Park*, 103 Mass. 501.

The reason usually given for the distinction is that representations as to the quantity of land in a given tract, its title, or as to its location on the ground, are representations as to matters of fact, not of opinion, and that representations of a vendor to a vendee as to matters of fact which he knows to be false, and on which the vendee relies to his injury, will sustain an action of deceit even if the vendee might have discovered the fraud by further inquiry; while it is only representations involving matters of judgment or opinion, that do

not afford the remedy of deceit. The complaint, therefore, did not fail to state facts sufficient to constitute a cause of action merely because it alleged that the false representations consisted of matters the truth or falsity of which could have been ascertained by searching the public records.

On the trial the court received in evidence, over the appellant's objections, the judgment and judgment roll in the case brought against the respondent by Cooke-Clarke Co. The appellant insists that this was error for the reason that it was not a party to the action in which the judgment was entered, or notified to appear and defend while the action was pending for trial, and hence is not bound by the judgment. But while the appellant is not bound by the judgment in the sense that it is estopped to question its validity or the justice or legality of the claim upon which it is founded, the judgment was, nevertheless, competent to prove certain of the issues of the case; namely, the fact that such judgment had been rendered, and, in connection with the judgment roll, the fact that it had been rendered in an action brought by the Cooke-Clarke Co. against the respondent for the breach of a building contract entered into between the respondent and the Cooke-Clarke Co. for the erection of a dwelling house upon the lot in question in this action. And this being true, it was not error to admit the judgment in evidence over the general objection made to its admission.

The trial court, however, went farther than this. It held the judgment not only competent evidence of the fact that a judgment had been recovered against the respondent for the cause stated therein, but held also that it was competent evidence of the grounds on which the recovery was had. But the rule is general that strangers to the judgment are exempt from its effects either as evidence or an estoppel; and this is so even as to those persons who are responsible over to the defendant and might have been bound by the judgment had they been notified of the pending action and given an opportunity to appear and defend. This principle was applied

by this court in the case of *Burkam v. Jamieson*, 25 Wash.
606, 66 Pac. 48. In that case a landlord sought to recover
of his tenant the amount he had been compelled to pay to
satisfy a judgment obtained against him because of the acts
of the tenant and for which the tenant was liable over to
him. We held that a complaint which merely set up the fact
that the judgment had been obtained for a certain cause did
not state a cause of action, but that it was necessary to set
up the matters upon which the judgment was founded in
an issuable form, inasmuch as the tenant had not been noti-
fied of the pendency of the action in which the judgment was
obtained and had not voluntarily appeared therein. See, also,
*Keene Guaranty Savings Bank v. Lawrence*, 32 Wash. 572,
73 Pac. 680; *Landauer v. Espenhain*, 95 Wis. 169, 70 N. W.
287; Black, Judgments, §§ 600, 604; 23 Cyc. 280 and cases
cited in note 23. And since there was no evidence of this
liability other than the judgment, the appellant was entitled
on its request to an instruction taking from the consideration
of the jury item of damages.

The respondent offered evidence tending to prove that he
had paid one hundred dollars in procuring plans and speci-
fications for the construction of the house he had contracted
to build upon the lot in·dispute, and the court instructed the
jury that this was a proper item of damage for them to
consider in making up their verdict. This was error. The
respondent was entitled to recover only the actual damages
suffered by him, and in order for him to recover for the whole
of this item he must show that the plans were worthless for
all purposes except for use in constructing the house he had
contracted to build but was prevented from building. Plans
for a house have a marketable value, and will be presumed
to be worth what the purchaser paid for them in the absence
of a showing to the contrary. The case of *Cade v. Brown*,
1 Wash. 401, 25 Pac. 457, does not lay down a contrary
rule. In that case the plaintiff claimed that the lumber pur-
chased to erect the house there mentioned "became valueless

to him through the breach of the defendant," and the court merely held he was entitled to recover as part of his damages any loss he suffered on account of his purchase of the lumber; it did not hold that he could recover for the lumber in any event, regardless of the question whether or not it had an actual value while in his hands. In this case the respondent, if he establishes the liability of the appellant, is entitled to recover any loss suffered by him because of the purchase of the plans, but he cannot recover the price paid for them unless he is prepared to prove that they have no value whatsoever, and that the price paid for them was a reasonable price.

The trial court instructed the jury in substance that if they found that the appellant, through its manager, before the execution of the deed, actually represented to the respondent that the title to the lot was good and that he need not examine into it, the respondent was entitled to rely on those representations and could recover from the appellant any loss and damage he had suffered by reason of his purchase of the lot directly caused by such representations. In other words, the court ignored the question of the good faith of the representations, holding them actionable if they proved untrue, regardless of the intent with which they were made. But such is not the rule. False representations to be actionable in a case of this kind must be made scienter—that is to say, either with actual knowledge of their falsity, or under such circumstances that the law will imply or impute knowledge, as where representations of material facts are made recklessly, by a person who does not know whether they are true or false, but intends that the person to whom they are made shall rely thereon. But the action is nevertheless one of deceit, which has its foundation in fraud, and fraud either express or implied must be alleged and proved to support it. *Northwestern S. S. Co. v. Dexter Horton & Co.*, 29 Wash. 565, 70 Pac. 59. Were this not so, there could be no virtue in a warranty clause in a deed, as it would always be possible

to show a warranty, even though the grantor may have ex-
pressly refused to warrant his title. The reason for the rule,
moreover, is made more apparent when we consider the nature
of a deed. A deed, executed in good faith, like any other
written instrument, merges all the prior stipulations and
agreements of the parties, and their rights thereafter rest
solely on the stipulations contained in it; and the rule applies
to the warranty clause the same as it does to any other clause.
A party may not, therefore, accept a quitclaim deed as a per-
formance of an executory contract to convey land, and,
after failure of title, show by parol that the vendor in fact
warranted the title. His rights in that regard are measured
by the stipulations contained in the instrument, and are
neither to be enlarged nor diminished by anything said in
good faith while the sale is in process of negotiation. Devlin,
Deeds (2d ed.), § 850a; *Slocum v. Bracy*, 55 Min. 249, 56
N. W. 826; *Putnam v. Russell*, 86 Mich. 389, 49 N. W. 147;
*Cartier v. Douville*, 98 Mich. 22, 56 N. W. 1045. But as
the law does not countenance fraud, it allows a recovery
where the grantee has been the victim of a fraud—where he
has been induced by the false and fraudulent representations
of the vendor to accept a conveyance which he would not
otherwise have accepted. Hence, as we say, the gravaman
of any such action is fraud, and to maintain it fraud must
be alleged and proved. The court, therefore, erred in holding
that false representations as to the title to land conveyed by
quitclaim deed would support an action to recover the pur-
chase price and damages suffered by a reliance upon the title,
regardless of the intent with which they were made.

The appellant further contends that it is not liable for
the fees paid by the respondent to counsel for defending
the action brought against him for a breach of the building
contract, but the rule is that reasonable attorney's fees when
paid, or contracted to be paid, for defending an action are
a part of the damages and are recoverable under circum-
stances that will permit a recovery of the amount of the

judgment entered in the action.   2 Sutherland, Damages, § 619.

The appellant sought to introduce evidence tending to show that the respondent had another lot in the vicinity of the one in question on which he could have placed his house, and thus avoided breaking his contract with the Cooke-Clarke Co., and the subsequent damages that company recovered against him for the breach.   The court refused to permit the showing to be made, and its ruling in that behalf is assigned as error. We think, however, the court ruled correctly.   While it was respondent's duty to mitigate his losses as far as possible, that duty did not extend to the extent of requiring him to make a new contract with his builder, or erect a house at a place he did not wish one erected.

For the errors noticed the judgment is reversed and a new trial granted.

HADLEY, C. J., ROOT, MOUNT, CROW, and DUNBAR, JJ., concur.