[No. 11278.   Department Two.   July 8, 1913.]

J. D. GRANT, *Appellant,* v. ERNST HUSCHKE, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS.  A verdict for damages on a counterclaim for fraud, in an action for the price of land, is conclusive on appeal when supported by the evidence, although conflicting.

FRAUD—DAMAGES—MISREPRESENTATIONS—KNOWLEDGE OF FALSITY —MATTERS OF FACT.  False representations that land at a distance was level and capable of irrigation and good fruit land, inducing a sale, are actionable although made without knowledge of their falsity or intent to deceive, where the vendor knew that the vendee was in ignorance of the facts and relied upon the representations; since they were matters of fact and not of opinion, susceptible of his own knowledge.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 26, 1912, upon the verdict of a jury rendered in favor of the defendant, in an action on a promissory note.   Affirmed.

*Gates & Emery* and *Mark F. Mendenhall,* for appellant.

*Merritt, Oswald & Merritt,* for respondent.

ELLIS, J.—This action is here for the second time on appeal.   The complaint states two causes of action; the first declares upon a promissory note; the second upon taxes paid by the plaintiff upon certain real estate situated in Seattle which he had received from the defendant in exchange for twenty acres of land in Spokane county, which taxes, it is claimed, the defendant had agreed to pay.   To the second cause of action, the defendant counterclaimed damages because of alleged false and fraudulent representations made by the plaintiff concerning the Spokane land, as an inducement to the exchange.   Upon the trial, the defendant had a verdict for $618.15 upon his counterclaim.   The trial court granted a new trial upon a single ground mentioned in the

[1]Reported in 133 Pac. 447.

9—74 WASH.

order, but denied it on all other grounds.   The defendant ap-
pealed, and this court, refusing to consider any other ground
than that upon which the order was based, reversed the order
and remanded the cause with direction to enter judgment
upon the verdict.   *Grant v. Huschke*, 70 Wash. 174, 126
Pac. 416.   Upon receipt of the remittitur, judgment was
entered accordingly.   The plaintiff now appeals.

The trade was made in Seattle.   The respondent had never
seen the land which he received in exchange and knew nothing
of the character of the country around it.   The appellant
knew this.   The appellant admitted that the respondent told
him that he, the respondent, could not go to see the land.   It
was several hundred miles from the place of negotiation.   The
respondent testified that the appellant represented that the
land was level as a floor, was first class fruit land and was
ready for irrigation, and that he relied upon these representa-
tions in making the exchange.   The appellant testified that he
represented that the land was practically level and could all be
placed under irrigation and that it was good fruit land.   As
to the actual character and value of the land, there was a
sharp conflict in the evidence.   While several witnesses for
the appellant testified that other lands in that vicinity were
good fruit lands, no one who had any actual knowledge of
this particular tract testified that it was as good as the aver-
age fruit lands in that vicinity.   There was much evidence to
the effect that it was not; that the top soil was very thin and
underlaid with pure sand or gravel; that it was not level,
but was covered with depressions from one-half foot to two
feet deep, and could not be irrigated by the ordinary means
of furrows without leveling.   There was also some evidence
that the top soil was so thin that the process of leveling would
remove all of the soil from the higher places and deposit it in
the lower, thus leaving much of the land unproductive sand.
There was evidence tending to show that the land as it ac-
tually was, was worth $25 to $35 an acre, and that, if it had
been as represented, it would have been worth from $75 to

$100 an acre.  Much of this evidence was controverted, but the respondent's evidence in support of his counterclaim tended to establish that the representations as claimed by him were made, that they were false, and that he relied upon them to his damage in a sum equal to the verdict.  The counterclaim was for damages.  The questions of fact were for the jury under proper instructions.  Whatever our personal views as to the weight of the evidence, we are bound by the verdict.  We cannot try the case *de novo*, as we would an equitable action for rescission.  We must confine our review to a consideration of the admissibility of the evidence and the correctness of the instructions.

The appellant contends that there was no evidence that he knew that his representations were false, that such knowledge is an essential element in the establishment of actionable fraud, and that, in the absence of proof of such knowledge, the admission of evidence as to his representations was error. It is usually held that representations to be actionable must be made *scienter*, but it does not follow that actual knowledge of the true facts or of the falsity of the representations must be shown.  Representations, as of his own knowledge, of material and inducing facts susceptible of knowledge, made by a vendor in ignorance of the facts, but with the knowledge that the vendee is relying upon the representations as true and under circumstances reasonably excusing the vendee from investigating for himself, are actionable on the part of a vendee so relying to his injury.  In such a case, the fraud of the vendor consists in representing as true, with knowledge that it is being relied upon as true, that which he did not know to be true.  This rule is supported by the trend of modern authority and has been consistently adhered to by this court.  *Hanson v. Thompkins*, 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205; *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *West v. Carter*, 54 Wash. 236, 103 Pac. 21; *Best v. Offield*, 59 Wash. 466,

110 Pac. 17, 30 L. R. A. (N. S.) 55; *Godfrey v. Olson,* 68 Wash. 59, 122 Pac. 1014; *Arrowsmith v. Nelson,* 73 Wash. 658, 132 Pac. 743; Sutherland, Damages (3d ed.), § 1169. The evidence was competent and sufficient to take the case to the jury under this rule. Obviously, the rule is the same whether the action be in equity for a rescission or at law for damages.

As covering the question of fraudulent representations, the court gave the following instructions:

"(7) With respect to the alleged representation that said land was as level as a floor, I instruct you that by that expression is meant that said land was reasonably and practically level; and with respect to the alleged representation that said land was first-class fruit land, I instruct you that that representation refers to first-class fruit land in the locality in question. The burden of proof with respect to this cause of action is upon the defendant Huschke, and I instruct you that it is incumbent upon him, in order to recover, to establish said cause of action, not merely by a preponderance of the evidence, but by evidence that is clear, satisfactory and convincing.

"(8) If, therefore, you find from the evidence in this case that is clear, satisfactory and convincing, and in view of the conditions and surroundings of the parties, that the plaintiff Grant, at the time and place in question, did represent that the said land in Spokane county was as level as a floor, taking said representations as heretofore explained to you as meaning a representation that it was reasonably and practically level, and that said land would not have to be leveled for the purpose of irrigating, and that it was all first-class fruit land, and that all of it was capable of being cultivated and irrigated, and if in truth and in fact said land was not reasonably and practically level but would have to be leveled for the purpose of irrigating, or was not first-class fruit land in that locality, or that all of it was not capable of being cultivated and irrigated, and you further find that the defendant Huschke in good faith believed and relied on said representations and pretenses and by means thereof was induced to enter in the exchange of lands in question, and would not have done so but for said representations and pre-

tenses, then you should find for the defendant Huschke. If, upon the other hand, you do not believe by testimony that is clear, satisfactory and convincing either that said representations were made or that same if made were untrue, then you should find for the plaintiff Grant."

The appellant contends that these instructions did not correctly state the law, in that they did not submit to the jury the question as to whether the appellant knew of the falsity of the representations and made them with fraudulent intent. Under the foregoing decisions it is plain that an instruction that the jury must find from the evidence an actual knowledge on the appellant's part of the falsity of his representations before it could find for the defendant would have been positive error. In *Lawson v. Vernon, supra,* the same contention was made, and objection taken to an instruction reading as follows:

"If you find from the evidence, as a matter of fact, that prior to the date of sale the defendant Vernon pointed out certain lands to one of the plaintiffs which were not as a matter of fact the lots conveyed, and that plaintiffs believed they were the same lands, and were told by the said Vernon that they were the same lands, that plaintiffs are entitled to recover any damages which they sustained by reason of such misinformation, even if the said Vernon did not purposely mislead them; in other words, if the defendant Vernon made a mistake and pointed out the wrong property, even if his mistake were unintentional, yet he and his partner must be held for any pecuniary damages said mistake may have caused the plaintiff."

It is obvious that this instruction is less favorable to the vendor than that here complained of. In the *Lawson* case, in approving the above quoted instruction, this court said:

"The prevailing doctrine is that, if a person states as true, as of his own knowledge, material facts susceptible of knowledge, to one who relies and acts thereon to his injury, he cannot defeat recovery by showing that he did not know that his representations were false, or that he believed them to be

true. The falsity and fraud consists in representing that to be true which he did not know to be true."

In *West v. Carter, supra,* the instruction sustained in the *Lawson* case was quoted and approved as a correct statement of the law. It is there said:

"And this is the just theory, for the result to the party who is deceived is exactly the same whether the intention of the party upon whose representations he relied was fraudulent or not. If one by misrepresentation, even though innocent, is the cause of damage and injury, it would certainly be inequitable to visit that damage and injury upon the head of one who was in no way to blame, rather than upon the one who was the cause of such damage or injury."

And again we said in *Best v. Offield, supra:*

"It makes no difference whether the representations made were known by the vendor, as found by the court in this instance, to be false, or not. The effect on the purchaser would be the same, and if he had a right, under all the circumstances, to rely upon them, and did rely and act upon them, he can recover."

The rule as supported by a preponderance of authority is stated in 4 Sutherland, Damages (3d ed.), § 1169:

"But the doctrine which seems supported by the preponderance of authority is that if a person states as of his own knowledge material facts which are susceptible thereof to one who relies and acts upon them as true it is no defense to an action for deceit, if the representations are false, that the person making them believed them to be true. The falsity and fraud consist in representing that he knows the facts to be true of his own knowledge when he has not such knowledge."

The case of *Curtley v. Security Sav. Society,* 46 Wash. 50, 89 Pac. 180, when its facts are analyzed, does not militate against the view expressed in the several authorities above cited. In that case it was sought, by parol testimony of representations as to title, to import into a quitclaim deed a warranty of title. The court there, holding that in such a case the deceit must be intentional, said:

"Were this not so, there could be no virtue in a warranty clause in a deed, as it would always be possible to show a warranty, even though the grantor may have expressly refused to warrant his title."

The seeming conflict between that decision and the long line of decisions which we have cited is found in the inadvertent intimation in the *Curtley* case, appearing near the bottom of page 53, that a representation as to title is a representation of fact. Representations as to title are usually, if not always, mere statements of opinion, not of fact. Herein lies the real distinction between the case in hand and the *Curtley* case. Representations as to mere matters of opinion are usually not actionable at all. In order to be actionable they must be made, not only under circumstances clearly entitling the adverse party to rely upon them as true and with the actual intent that he shall so rely, but with conscious knowledge on the part of the person making them that they are false. The fraud consists in representing as his opinion that which is not his opinion. In such a case there must be an actual intent to defraud, and this must be proved by positive evidence. On the other hand, where the representations are as to pure matters of fact and made under circumstances entitling the adverse party to rely upon them as true, then the fact that they are false raises a legal presumption of fraudulent intent. The question of fraud thus becomes in such cases a question of law for the court, not a question of fact for the jury. In *Northwestern Steamship Co. v. Dexter Horton & Co.*, 29 Wash. 565, 70 Pac. 59, we find the same situation presented. As pointed out in *West v. Carter, supra*, the representation complained of in the *Dexter Horton* case was as to the solvency of a person and necessarily involved a mere expression of opinion. In view of the foregoing, we are constrained to hold that the instruction complained of was a correct statement of the law as applied to the facts presented.

The appellant bases several assignments of error upon the

admission of evidence and the qualification of certain of the witnesses to testify as to value. We have examined all of these assignments and we are satisfied that none of them presents sufficient ground for a reversal. We cannot discuss them in detail without extending this opinion to an unreasonable length.

The judgment is affirmed.

MAIN, MORRIS, and FULLERTON, JJ., concur