[No. 25559.   Department One.   August 12, 1935.]

M. R. BASS, *Appellant,* v. CARL A. LOGAN *et al.,*
*Respondents.*[1]

[1]Reported in 48 P. (2d) 210.

*H. B. Noland,* for appellant.

*George W. Thompson,* for respondent.

TOLMAN, J.—This is an action for damages arising from false representations. There was a trial to a jury, resulting in a verdict for the defendant. From the judgment on the verdict, the plaintiff has appealed.

The appellant complains vigorously of instructions given to the jury and of the refusal to give certain requested instructions; also of other rulings which will be mentioned in due course.

Respondent is a dealer in new and used automobiles. The appellant charged in his complaint and produced evidence tending to show that he was induced to purchase from the respondent a certain used automobile by reason of representations by and on behalf of the respondent to the effect that the car was in first class mechanical condition and repair; that it had just been thoroughly overhauled and was in good working order and condition in all respects. Relying upon these representations, the appellant paid cash for the car, and upon using it he discovered the representations to be false and that the car was, in fact, worthless for all practical purposes.

The defense was a denial, supported by evidence tending to prove that no representations whatever were made; that the appellant was informed that the respondent had taken the car in, in trade, and did not know its history; and that the appellant purchased it in reliance upon his own judgment after driving and testing the car.

The appellant requested an instruction as follows:

"If a seller states as true, material facts to a buyer who relies and acts thereon to his injury, the seller cannot defeat recovery by showing that he did not know that his representations were false, or that he believed them to be true, or that he intended no wrong. The result to the buyer would be the same in either event, if he relied and acted upon false representations, regardless of the knowledge, lack of knowledge, or intent of the seller. The affirmation of what a seller does not know to be true, in law, is equally as unjustifiable as the affirmation of what such seller knows to be false."

This seems to conform to a rule we have long followed. *Pratt v. Thompson,* 133 Wash. 218, 233 Pac. 637; *Jacquot v. Farmers Straw Gas Producer Co.,* 140 Wash. 482, 249 Pac. 984. In the last cited case, the rule is stated as follows:

"As to the question of *scienter,* this court has not adopted the rule to the extent the appellants contend. We have held the rule to be that if a person states as true material facts susceptible of knowledge to one who relies and acts thereon to his injury, he cannot defeat recovery by showing that he did not know his representations were false, or that he believed them to be true. *Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson,* 3 Wash. 615, 29 Pac. 205; *West v. Carter,* 54 Wash. 236, 103 Pac. 21; *Grant v. Huschke,* 74 Wash. 257, 133 Pac. 447; *May v. Roberts,* 126 Wash. 645, 219 Pac. 55; *Pratt v. Thompson,* 133 Wash. 218, 233 Pac. 637."

We do not find that this subject was properly covered by the instructions given. Subdivision 2 of instruction 10, as given, states the rule in a form far less favorable to the appellant, saying, in effect, that, before recovery can be had, the representations must be known to be false by the person making them or that he should have known them to be false. This, it

seems to us, falls considerably short of compliance with the carefully worded rule which we have just quoted. Either instruction 10 should have conformed to our established rule or the requested instruction should have been given and the inconsistency in instruction 10 removed.

Some of the instructions given laid considerable stress upon the duty of the purchaser of property to exercise caution and diligence in ascertaining its condition before purchasing. We do not hold that those instructions are erroneous, but, as they are worded, they call for further instructions as proposed by the appellant to the effect that one situated as was the appellant need not employ a mechanic or an expert to make a thorough examination, but may rely upon the better knowledge and better means of knowledge of the seller as expressed in his representations.

We see no error in the admission of evidence. The used car manual was undoubtedly admissible for certain purposes and possibly for all purposes.

During the closing argument to the jury, the respondents' counsel was permitted, over objection, to refer to and comment upon a certain bill of particulars, which was a part of the appellant's amended complaint, but which had not been offered or received in evidence. This we think, under our present practice, was error. If there be thought to be an admission against interest in a pleading in a bill of particulars attached to a pleading, as was this, or in a bill of particulars supplied after demand or order of the court, the better practice would seem to be to offer it in evidence, so that opportunity will be afforded to meet the situation properly.

The judgment is reversed, and the cause remanded for a new trial.

HOLCOMB, BEALS, GERAGHTY, and MAIN, JJ., concur.